■ In the Matter of ISHMAEL SALADEEN, Respondent, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, et al., Appellants.—Judgment unanimously reversed, on the law, and petition dismissed. Memorandum: Petitioner was released on parole in 1981. On December 29, 1982 he was arrested for attempted murder, rape and related offenses. As a result he was charged with several violations of parole. At a

preliminary parole revocation hearing held on January 19, 1983, probable cause was found that petitioner violated the conditions of his parole. The prosecutor in charge of the criminal case requested an adjournment of the final parole revocation hearing because he did not want the complaining witnesses to testify in advance of trial, thereby jeopardizing the criminal prosecution. As a result, the final hearing that was scheduled for February 10, 1983 was "postponed indefinitely." On February 14, 1983 the Parole Board canceled petitioner's delinquency "pending court determination", but did not notify petitioner's assigned counsel of the cancellation. On September 20, 1983 petitioner was convicted of the attempted murder and robbery charges and was sentenced to two indeterminate terms of 12½ to 25 years to be served concurrently with each other, but consecutively to the unserved portion of his prior sentence. New parole violation charges were lodged against petitioner based on the convictions. A final hearing was held on December 15, 1983 and on December 28, 1983, petitioner's parole was revoked.

Petitioner commenced this proceeding pursuant to CPLR article 78 claiming he was denied a timely parole revocation hearing. Special Term granted the petition on the ground that the pendency of criminal charges did not justify curtailment of petitioner's right to a timely hearing. The court held that the regulation allowing the Parole Board to cancel petitioner's delinquency (9 NYCRR 8004.3 [e]) was "inconsistent" with the statutory requirement that a final hearing shall be held within 90 days of the finding of probable cause (Executive Law § 259-i [3] [f] [i]).

Special Term erred in granting the petition. The Parole Board has the right to cancel a delinquency and vacate a parole violation warrant at any time prior to the commencement of the final revocation hearing as long as three members of the Board state their reason in writing (9 NYCRR 8004.3 [e] [2]; *People ex rel. Williams v Rodriguez*, 108 AD2d 1007, *lv denied* 65 NY2d 603). These requirements were met on February 14, 1983 when three Board members canceled petitioner's delinquency "pending court determination" of the criminal charges. The Board's failure to notify petitioner's counsel of the cancellation of the delinquency does not render petitioner's final revocation hearing untimely. Although such notice is preferable and usually given, it is not required by regulation or statute. Moreover, petitioner has suffered no prejudice because once the delinquency was canceled the revocation proceeding was terminated. (Appeal from judgment of Su-

preme Court, Wyoming County, Dadd, J.—art 78.) Present—Callahan, J. P., Doerr, Green, O'Donnell and Pine, JJ.