■ In the Matter of STUART JACKSON, Appellant, v STATE OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Parole, which affirmed a determination, made after a hearing, to revoke the petitioner's parole, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), entered November 30, 1984, which denied his petition.

Ordered that the judgment is affirmed, without costs or disbursements.

On January 4, 1984, while on parole from another sentence, the petitioner was arrested and confined upon the charge of criminal sale of a controlled substance. On February 10, 1984, a Commissioner of Parole directed that no delinquency be taken pending court action. The petitioner pleaded guilty to the charge and was sentenced on June 28, 1984, as a second felony offender to an indefinite term of imprisonment of 2 to 4 years. A parole violation warrant was lodged against the petitioner on July 23, 1984, and probable cause was found after a preliminary hearing held on July 31, 1984. A final parole revocation hearing was held on September 6, 1984, and the petitioner's parole was revoked.

The petitioner commenced this proceeding claiming he was denied a timely parole revocation hearing. The petitioner argued that the statutory requirement of Executive Law § 259-i was not complied with by the Division of Parole.

Under Executive Law § 259-i (3) (c) (i), the Legislature has mandated that a preliminary parole revocation hearing must

be held within 15 days after the execution of the parole revocation warrant. The final revocation hearing must be held within 90 days of the preliminary hearing (Executive Law § 259-i [3] [f] [i]). The record shows there was compliance with Executive Law § 259-i and the petitioner's rights were not violated thereunder.

The petitioner also argues that it was error to delay the execution of the revocation warrant once he was arrested in New York State. There is no statutory requirement for such immediate action. If a parolee is arrested for a felony and held for court action, a warrant for retaking and temporary detention shall be filed against the parolee (9 NYCRR 8004.2 [d] [2]) except as otherwise directed by the area supervisor where there is good cause shown for not filing the warrant or where it otherwise appears that there is insufficient evidence available to the Board to institute revocation proceedings. On February 10, 1984, after reviewing the matter, a Commissioner directed that no delinquency action be taken pending the court action. The petitioner argued that the Commissioner failed to state good cause for not filing the warrant. The fact that the warrant was not filed until after the conclusion of the criminal action did not render the petitioner's final revocation hearing untimely (see, Matter of Saladeen v Smith, 116 AD2d 991).

The petitioner's other contention is without merit. Niehoff, J. P., Rubin, Lawrence and Sullivan, JJ., concur.