■ In the Matter of WILLIAM MAISSONETT, Appellant, v STATE OF NEW YORK EXECUTIVE DEPT., DIVISION OF PAROLE, et al., Respondents.—In a CPLR article 78 proceeding to set aside the Parole Board's determination which, *inter alia,* revoked the petitioner's parole, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered October 31, 1984, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

Having been convicted of burglary in the third degree, the petitioner was sentenced on December 23, 1981 to an indeterminate term of 2 to 4 years' imprisonment. He was released on parole on October 21, 1983. On December 9, 1983, he was arrested pursuant to a warrant for committing a burglary. On March 2, 1984, he pleaded guilty to burglary in the second degree and was sentenced on April 10, 1984, to an indeterminate term of 3 to 6 years' imprisonment. On April 23, 1984, a parole violation warrant was issued and was lodged against the petitioner on June 20, 1984. The preliminary hearing was waived and a final parole revocation hearing was held on August 8, 1984 *(see,* Executive Law § 259-i [3] [f] [i]).

The petitioner contends that the execution of the parole violation warrant was untimely and, therefore, he was not afforded a prompt final revocation hearing.

The initial delay in executing the parole violation warrant was based upon the Parole Board's awaiting sufficient evidence to establish probable cause at the preliminary hearing. The petitioner concedes that sufficient evidence was not available until March 2, 1984, when he entered his plea of guilty to the burglary in the second degree charge.

As to the delay which arose thereafter, we do not find it to be so unreasonable as to have deprived the petitioner of due process *(see, People ex rel. Freggans v Sullivan,* 119 AD2d 607;

*People ex rel. Flores v Dalsheim,* 66 AD2d 381, 387; Executive Law § 259-1 [3] [c] [iv]).

As the petitioner's parole was timely revoked, he was properly remanded to serve the time remaining on his 1981 burglary conviction consecutively with the sentence on his 1983 burglary conviction *(see,* Penal Law § 70.25 [2-a]). Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.