■ In the Matter of TIMOTHY MEHAN, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—Judgment unanimously affirmed. Memorandum: Special Term properly denied petitioner's application to annul respondent's determination to revoke petitioner's parole status. Petitioner claims that his written statement, which was admitted in evidence against him at the parole revocation hearing, was obtained in violation of his right to counsel. That claim was raised and rejected on the appeal from his criminal conviction (see, People v Mehan, 112 AD2d 482, lv denied 66 NY2d 1041), and thus he is precluded from relitigating that issue in this proceeding (see, People ex rel. Dowdy v Smith, 48 NY2d 477). Further, we find no merit to petitioner's claim that his parole revocation hearing was not conducted in a timely manner. The record establishes that the New Jersey authorities failed to comply with a request for cooperation in making appropriate provisions for a suitable hearing and that petitioner was beyond the practical control of the New York authorities until after he completed service of his sentence in New Jersey on January 20, 1984 (see, People ex rel. Gonzales v Dalsheim, 52 NY2d 9; People ex rel. Matthews v New York State Div. of Parole, 122 AD2d 93; cf., People ex rel. Brown v New York State Bd. of Parole, 139 AD2d 548, 550-551; L 1984, chs 413, 435). Thereafter, he was given a preliminary hearing on February 2, 1984 and the final revocation hearing scheduled for March 27, 1984 was adjourned at his request until June 7, 1984. (Appeal from judgment of Supreme Court, Cayuga County, Contiguglia, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Green and Lawton, JJ.