OPINION OF THE COURT
Bellacosa, J.
Relator, an interstate compact parolee, seeks by habeas corpus to redress the revocation of his New York State parole based on his conviction and sentence for a new felony in California. Executive Law § 259-i (3) (d) (iii) authorizes the New York State Division of Parole to revoke, without a final hearing, the parole of a releasee subsequently convicted of a new felony and sentenced to an "indeterminate” term. The question is whether the dispensation from providing a final revocation hearing is applicable against this parolee, subsequently convicted and sentenced for the California felony. We conclude that it is not and hold that relator remained entitled to a timely final revocation hearing upon return to New York.
In 1982, relator had been released to parole supervision while serving an indeterminate term of 5 to 15 years’ imprisonment pursuant to a 1969 New York conviction of second degree burglary. He moved to California in 1983 and was placed under the supervision of California parole authorities pursuant to the Interstate Parole Compact (see, Executive Law § 259-m). Two years later, he was convicted of forcible rape in that State and was sentenced in Superior Court to three years’ imprisonment. By April 1987, having earned credit for good conduct and for time spent in local custody, relator was released to California parole supervision (California Penal Code § 3000 [a]; § 3001 [a]). Prior to the release date, a preliminary parole revocation hearing was held with respect to relator’s New York parole status (Executive Law § 259-o). He was returned thereafter to New York to resume his incarcera *308 tion under the 1969 New York conviction and sentence, because the New York State Parole Board, pursuant to Executive Law § 259-i (3) (d) (iii), had revoked his parole without providing a final revocation hearing based on the California felony conviction and sentence.
Relator claims that he should be restored to parole status because the dispensation for the Parole Board from giving him a timely final parole revocation hearing does not apply to his situation. Supreme Court dismissed the writ, holding that Executive Law § 259-i (3) (d) (iii) authorized the revocation of relator’s parole by operation of law without the necessity of a final parole revocation hearing. The Appellate Division affirmed and we granted leave to appeal to our court.
As a general rule, a parolee detained in New York for allegedly violating parole is entitled to a preliminary hearing within 15 days of the execution of the parole warrant (Executive Law § 259-i [3] [c] [i]) and to a final revocation hearing within 90 days of the preliminary hearing (Executive Law § 259-i [3] [f] [i]). A parolee convicted of committing a new crime while on parole and sentenced to a new definite term, however, need only receive a final revocation hearing (Executive Law § 259-i [3] [d]); and a parolee convicted of committing a new felony and sentenced to an indeterminate term is not even entitled to a final revocation hearing by reason of a 1984 statutory amendment. Felons in the latter category are subject to revocation of parole by operation of law without any hearing (see, L 1984, ch 238, adding Executive Law § 259-i [3] [d] [iii]). The extension of the exemption from the final revocation hearing requirement to out-of-State convictions is the issue in this case. In pertinent part, the statute provides: "when a parolee * * * has been convicted of a new felony committed while under his present parole * * * supervision and a new indeterminate sentence has been imposed, the board’s rules shall provide for a final declaration of delinquency. * * * The inmate's next appearance before the board shall be governed by the legal requirements of said new indeterminate sentence, or shall occur as soon after a final reversal of the conviction as is practicable” (emphasis added).
Concededly, relator was convicted of a new felony while in California, but he argues that the exemption from the final revocation hearing requirement is limited to parolees who commit felonies and are sentenced indeterminately in New York.
*309 Respondents refute that narrow interpretation, urging instead that the statutory exemption from providing a final revocation hearing extends to relator’s three-year California sentence for the crime of forcible rape. They ask us to treat that sentence as if it were an indeterminate sentence under New York law, thus qualifying for the dispensation enacted in subdivision (3) (d) (iii) of Executive Law § 259-i. The hypothesis proceeds from the premise that had relator committed a forcible rape in New York, he would have been found guilty of a class B violent felony (Penal Law § 130.35 [1]) and would have been given an indeterminate sentence (Penal Law § 70.00 [1] ,[4]).
The plain words of the statute, its stated purpose and relevant legislative history do not permit this expansive construction of the statute. A court is obliged to interpret a statute to effectuate the intent of the Legislature. When its language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of its words (see, Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 675). Here, the words excusing the usual requirement of a final revocation hearing are plain — a parolee must have been sentenced to an "indeterminate” term for the exemption to apply. The prior sentence this relator received in California is not "indeterminate”, facially, definitionally or functionally, as that term of art is used in New York (see, Penal Law § 70.00 [2] , [3]; Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 70, at 232).
The dispensation from hearing is the exception from the general requirement and cannot, under its enacted wording, be applicable against parolees subsequently convicted and sentenced for an out-of-State felony. Unlike a parolee convicted for a new felony and serving a new New York indeterminate sentence, the parolee who served a felony sentence outside New York still needs a new release consideration date to be set by the Parole Board by way of the timely final parole revocation hearing procedural mechanism. Relator’s parole was revoked without the prescribed timely hearing (Executive Law § 259-o [4]) and thus in violation of his statutory rights. The writ must, therefore, be sustained in this circumstance, with relator restored to parole status because, as we have noted, merely to order a hearing at this stage would render meaningless the timeliness requirement and relator’s remedy against noncompliance (People ex rel. Levy v Dalsheim, 66 *310 AD2d 827, 828, affd 48 NY2d 1019; see also, Matter of Williams v Hammock, 57 NY2d 936, 937-938; People ex rel. Gonzales v Dalsheim, 52 NY2d 9, 17).
The legislative history of subdivision (3) (d) (iii) of Executive Law § 259-i — the revocation hearing exemption — confirms that the exception was intended to dispense with the requirement of a final revocation hearing in only the one instance where the hearing served no apparent purpose — that is, where the parolee has been convicted of a new felony and has been sentenced to a new indeterminate sentence. In those circumstances, a final parole revocation hearing would be a vain gesture because no fact finding by the Board of Parole would be necessary to ascertain that the parolee has in fact violated the conditions of his parole. The court of conviction and sentence would have already indisputably established that reality.
Additionally, when a parolee is convicted of a new New York felony and a new indeterminate sentence is imposed, a final parole revocation hearing is not needed to fix the parolee’s reappearance before the Board because the violator’s reappearance date is automatically fixed by law at the time of sentencing for the new felony (Penal Law § 70.00 [3]; § 70.25 [2-a]; Executive Law § 259-i [3] [d]). That functional reason for the hearing exemption is specifically referenced in the penultimate clause of the provision at issue in this case (see also, Assembly Rules Committee Mem, 1984 NY Legis Ann, at 110; Mem of Division of Parole, Nov. 19, 1984, Governor’s Bill Jacket, L 1984, ch 238). In relator’s case, however, because he was convicted of a felony in another State, served his sentence on that conviction in that State and was then returned to New York, his reappearance date is not fixed by law and rests entirely in the discretion of the Parole Board (see, Executive Law § 259-i [3] [f] [x]). Thus, while a final revocation hearing is redundant under New York’s distinctive sentencing scheme for purposes of setting a reappearance date after a new New York "indeterminate” sentence is imposed, there is no procedural surplusage where relator was sentenced to an out-of-State term which has no such consequence.
Notably, the Division of Parole has recognized a statutory gap with respect to parolees who are convicted of and serve time for felonies outside New York. Legislation has been proposed which would explicitly extend the dispensation from the final parole revocation hearing requirement to parolees *311 convicted of and sentenced to out-of-State and Federal felonies (see, e.g., Senate Bill 7282, 1986 Legislative Session; see, Division of Parole Mem in support, dated Dec. 22, 1986). The rationale and justification have not been presented for judicially making that parallel out-of-State application. It is not for us to attempt to harmonize the very different situations presented with respect to parolees convicted and sentenced out of State who, at the very least, will still need a new parole appearance date fixed. The statutory hearing dispensation is plain and its stated purpose and practical operation confirm its limited application to parolees subsequently sentenced to a New York indeterminate felony term. A significant change of the kind urged by respondents, expanding such an exemption from the usual statutorily mandated hearing requirement, should come from the Legislature.
Accordingly, the order of the Appellate Division should be reversed, without costs, the petition granted, the writ of habeas corpus sustained and relator restored to parole status.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed, etc.