■ In the Matter of HARRY NEWMAN, Appellant, v RAMON J. RODRIGUEZ, as Chairman of the Board of Parole, et al., Respondents.—Judgment unanimously reversed on the law and petition granted. Memorandum: Relator was arrested by Syracuse police officers on May 28, 1988 based upon a notice from the Division of Parole that a parole warrant had been issued. Relator was incarcerated over the Memorial Day weekend and on Tuesday, May 31, 1988, his parole officer served him with a notice of violation and violation of release report. A preliminary revocation hearing was held on June 15, 1988. Relator argues that this hearing was not timely and we agree.

Executive Law § 259-i (3) (c) (i) and (iv) provide that a preliminary hearing must be held not later than 15 days from the date of execution of the parole warrant. Respondent argues that the warrant was not executed until May 31, 1988, when the Division of Parole was notified that relator was in custody and the warrant was delivered to the county jail. However, it is clear that relator was arrested and detained by police on May 28, 1988 solely on the authority of the parole warrant, and therefore, in our view, the warrant was executed on that date (Executive Law § 259-i [3] [a] [iii]). *Matter of Jackson v State of New York* (127 AD2d 595), relied upon by respondent, is readily distinguishable because, in that case, relator was incarcerated on another charge when the parole violation warrant was lodged against him. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—habeas corpus.) Present—Boomer, J. P., Green, Pine, Balio and Lawton, JJ.