■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM E. SMITH, Appellant, v RUSSELL TROMBLY, as Sheriff of the County of Clinton, et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Lewis, J.), entered January 9, 1989 in Clinton County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner is a New York and New Jersey parolee imprisoned in New Jersey for crimes committed there. The primary issues he raises on appeal in this habeas corpus proceeding are (1) whether he waived his right to a preliminary hearing in a New York parole revocation proceeding, and (2) whether he was afforded a timely final parole hearing in New York within 90 days of his release, since during the time of petitioner's New Jersey incarceration he was not within the convenience and control of respondent State Division of Parole (hereinafter respondent) due to New Jersey's refusal to cooperate in arranging for such hearing. In our view the final hearing was timely held and petitioner waived his right to a preliminary hearing when he signed the waiver of probable cause form in New Jersey on March 17, 1982. The judgment of Supreme Court dismissing the writ of habeas corpus should therefore be affirmed.

The facts of this case are as follows. On March 25, 1970 petitioner was sentenced in New York to prison terms of 15 years for robbery in the second degree and four years for grand larceny in the third degree. He was paroled on April 3, 1975. His parole status was thereafter transferred to New Jersey under the Uniform Act for Out-of-State Parolee Supervision (Executive Law § 259-m *et seq.*).

Petitioner was next arrested in New Jersey and sentenced to 2 to 7 years' imprisonment for robbery plus an additional term of 1 to 3 years for escape (during this robbery sentence). On January 8, 1980, he was returned to New York as a parole violator. His parole supervision in New York was again transferred to New Jersey in June 1981. On June 3, 1981 petitioner was again arrested in New Jersey for assault on a police officer and released on his own recognizance. Respondent did not undertake any delinquency action as to this charge. Petitioner was thereafter convicted of a misdemeanor on the charge on May 12, 1982.

However, in the meantime, on February 25, 1982 petitioner had again been arrested in New Jersey for kidnapping a woman at knifepoint, sexually molesting her, wrongful possession of a weapon, terroristic threats and eluding the police. As a consequence the New Jersey Bureau of Parole began proceedings to revoke his parole status. Petitioner executed a written waiver of his right to a probable cause hearing dated March 17, 1982 at a jail in New Jersey. The date of the proposed hearing was not filled in on the waiver form. However, a "notice of probable cause decision" indicates that petitioner's probable cause hearing was to be held on March

18, 1982, that the hearing was waived and that there was probable cause to believe that petitioner violated certain conditions of his parole. On May 12, 1982 he was sentenced to, *inter alia,* three consecutive five-year terms of imprisonment on the February 25, 1982 charges to run concurrent to his misdemeanor sentence (relating to his June 3, 1981 arrest).

A retaking and detainer warrant was thereafter issued for petitioner on June 15, 1982 by respondent and sent along with a letter requesting assistance from New Jersey authorities in conducting preliminary and/or final parole revocation hearings with regard to petitioner's 1970 New York sentence. In reply, New Jersey authorities flatly denied respondent access to petitioner and refused to hold any further hearings in the matter "until he is paroled". The communication also stated that New Jersey did not conduct final revocation hearings for other States or release inmates for that purpose to demanding States.

Petitioner completed his New Jersey sentences in November 1988 and was returned to respondent pursuant to the latter's June 15, 1982 warrant. Petitioner was given a notice scheduling a final parole revocation hearing for February 2, 1989.[1] This notice indicated that petitioner waived his right to a preliminary hearing on March 17, 1982. Petitioner, prior to the scheduled date for his final hearing, then commenced this habeas corpus proceeding in Supreme Court on or about December 30, 1988. The writ was returnable January 3, 1989 at which time respondent served its return.[2] Petitioner served a reply dated January 9, 1989.

In his petition, petitioner conceded that he signed the waiver of March 17, 1982 but claimed that his detention was illegal because respondent failed to hold a final revocation hearing within 90 days of the waiver of March 17, 1982 in violation of Executive Law § 259-i (3). In its return, respondent asserted that petitioner was not within the convenience and practical control of New York and, thus, since respondent made timely and diligent, but unsuccessful, efforts to obtain custody of petitioner or to have New Jersey conduct the required parole revocation proceedings, his final revocation hearing was timely held. Petitioner countered this claim by advancing the argument that if the March 17, 1982 waiver applied to his New York parole as well as his New Jersey

---

1. Petitioner's parole was finally revoked on February 17, 1989.

2. Also named as a respondent was the Clinton County Sheriff who has not appeared or participated in the proceeding.

parole, a final revocation hearing should have been held within 90 days of that date; or, if the March 17, 1982 waiver did not apply to his New York parole, he should be released because of the failure to conduct a probable cause hearing within 15 days of his return to New York custody in November 1988. Supreme Court ruled in favor of respondent and dismissed the writ of habeas corpus without a written decision. This appeal ensued.

Respondent's contention that petitioner waived his right to a preliminary hearing in the proceedings relating to his New York parole is persuasive. Petitioner in his petition stated that he waived his preliminary hearing on March 17, 1982. Correspondence between respondent and New Jersey authorities indicates that New York and New Jersey treated the March 17, 1982 waiver as applicable to petitioner's New York parole. The fact that the date for the preliminary hearing was left blank on the waiver form shows an intention to apply the waiver to include any preliminary hearing in both New York and New Jersey. Notations on documents forwarded from New Jersey indicate that New Jersey authorities applied the waiver to the New York parole proceedings. Executive Law § 259-o (3) allows the supervising authorities of a sister State to conduct preliminary violation hearings on behalf of New York or to obtain a waiver thereof. The waiver executed in New Jersey has the same force and effect as one executed in this State (Executive Law § 259-o [3]). Supreme Court, therefore, in the circumstances of this case, could properly view the undated March 17, 1982 waiver as sufficient to embrace the waiver of petitioner's right to a preliminary hearing relating to his New York parole status (see, People ex rel. Miller v Walters, 60 NY2d 899, 901; Matter of White v New York State Div. of Parole, 60 NY2d 920, 922).

Respondent's contention, that it afforded petitioner a timely revocation hearing upon his return to New York since he was not in respondent's convenience and practical control while confined in New Jersey and not entitled to a final hearing until that time, is also well taken. The final revocation hearing scheduled for February 2, 1989 was within 90 days after petitioner's return to New York.

Respondent has met its "modest burden" of producing evidence that petitioner, while in New Jersey, was beyond its convenience and control (see, People ex rel. Gonzales v Dalsheim, 52 NY2d 9, 15; see also, People ex rel. Horan v New York State Div. of Parole, 59 NY2d 809). In the case at bar respondent sent New Jersey officials a letter dated June 16,

1982 requesting assistance from New Jersey authorities after receiving a special report from New Jersey dated May 24, 1982 and mailed June 4, 1982. On July 7, 1982 the New Jersey authorities unequivocally indicated their unwillingness to cooperate with respondent's request. Thus, respondent demonstrated that petitioner was not within its convenience or control (see, *Matter of Mehan v New York State Bd. of Parole*, 143 AD2d 516; *People ex rel. Matthews v New York State Div. of Parole*, 122 AD2d 93; *People ex rel. McNamee v Infante*, 116 AD2d 893, 894-895).

We reject petitioner's argument that the detainer warrant dated and issued June 15, 1982 was not mailed to New Jersey until June 16, 1982, allegedly one day after the 90-day time period prescribed for conducting a final revocation hearing after the probable cause determination (Executive Law § 259-i [3] [c] [iii]) had expired. The record indicates that the probable cause determination made in New Jersey was made on March 18, 1982, the date of the probable cause hearing. Not only was the warrant of detainer of June 15, 1982 issued within 90 days of the date of the waiver of March 17, 1982, but it was also mailed within 90 days of the determination of probable cause made on March 18, 1982. Moreover, the record also indicates that New York parole authorities communicated with New Jersey on this matter on April 27, 1982 and prior to June 2, 1982. It is apparent then that respondent took effective steps toward scheduling a final revocation hearing prior to the expiration of 90 days from the probable cause determination in contrast to petitioner's argument.

We also agree with respondent's argument that upon New York's gaining practical control over petitioner, a probable cause hearing would have been superfluous since his New Jersey convictions were prima facie evidence of probable cause. New York's failure to afford petitioner a preliminary hearing within 15 days of gaining custody from New Jersey does not require petitioner's release from New York's custody in view of the fact that probable cause for believing that petitioner violated his New York parole was clearly established by his convictions of May 12, 1982 and the probable cause finding in New Jersey on the same facts. A preliminary hearing at this point would have served no purpose in this case.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.

■ SHERRY WHITE, Individually and as Parent and Natural