■ The People of the State of New York ex rel. Charles McAllister, Appellant, v Arthur Leonardo, as Superintendent of Great Meadow Correctional Facility, et al., Respon-

dents.—Crew III, J. Appeal from a judgment of the Supreme Court (Berke, J.), entered February 11, 1991 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was released on parole by respondent State Board of Parole on December 7, 1989. On January 18, 1990, he was arrested and charged with, *inter alia,* possession of prohibited devices in New Jersey. The Board issued a warrant against petitioner in New Jersey on January 30, 1990. On March 29, 1990, petitioner pleaded guilty to the possession charge and was sentenced to one year of probation in New Jersey. On April 3, 1990, New Jersey officials notified New York officials that petitioner was available for extradition based upon its outstanding warrant. On April 5, 1990, petitioner was served with notice of parole violations and transported to New York.

A preliminary hearing scheduled for April 10, 1990 was adjourned at the Board's request for one week. From April 17, 1990 to August 2, 1990, there were at least four adjournments before a final hearing was conducted. The total number of days that lapsed during this period was 107. On August 2, 1990, the Board conducted a final parole revocation hearing concerning petitioner. On September 17, 1990, the Board revoked petitioner's parole. On September 26, 1990, petitioner commenced this habeas corpus proceeding asserting that the Board did not timely schedule his preliminary and final hearings. Supreme Court found that the Board was timely in scheduling both hearings and that the two adjournments on May 7, 1990 and May 24, 1990 were requested by petitioner. Petitioner's petition was dismissed and this appeal ensued. We affirm.

Briefly, the facts and circumstances surrounding the two adjournments in question follow. On May 7, 1990, petitioner appeared at the scheduled final parole revocation hearing, but no attorney was present to represent him. Petitioner stated that he had made a request for assigned counsel and was awaiting such assignment. The hearing was adjourned until May 24, 1990 in order for petitioner to obtain counsel and it was directed that the time, here 17 days, be charged to petitioner. At the next scheduled final hearing on May 24, 1990, petitioner appeared and once again no attorney was present to represent him. It appears that petitioner's attorney was assigned on May 16, 1990 by court order but that no appearance had been filed by the date of such hearing. The Hearing Officer directed that petitioner's attorney be telephoned immediately to ascertain what steps would be taken

next. After making contact with petitioner's attorney, the Hearing Officer was notified that an adjournment was requested by petitioner's attorney until June 14, 1990, which was granted. The total number of days that lapsed during that period was 22.

Petitioner's contention that the Board failed to timely schedule his preliminary hearing after execution of its warrant is without merit. The Board is required to afford an alleged violator a preliminary hearing within 15 days after execution of its warrant (Executive Law § 259-i [3] [c] [i], [iv]; 9 NYCRR 8005.6 [a]). Here, the Board's warrant was executed on April 3, 1990 and a probable cause finding was rendered on April 17, 1990, which was within the time required *(see,* Executive Law § 259-i [3] [c] [iv], [viii]; *People ex rel. Smith v Trombly,* 161 AD2d 1056, 1060, *lv denied* 76 NY2d 711).

Petitioner next contends that the final parole revocation hearing was not held within 90 days of the probable cause determination *(see,* Executive Law § 259-i [3] [f] [i]). While it is true that such a hearing must be held within 90 days, that time limit may be extended where the alleged violator requests a postponement or consents thereto *(id.).* The initial hearing in this case was scheduled for May 7, 1990 but was adjourned to May 24, 1990 because no attorney was present for petitioner on the scheduled date. Because petitioner had requested representation, we are of the view that the hearing was appropriately adjourned for the presence of counsel and that the 17 days were properly charged to petitioner *(cf., People ex rel. Evans v Sullivan,* 141 AD2d 884, 886). With regard to the adjournment from May 24, 1990 to June 14, 1990, it is clear from the record that such was at the request of petitioner's counsel and the Board may not be charged with that delay *(see, People ex rel. Vanderburgh v Coombe,* 102 AD2d 951). Accordingly, we find that petitioner's final hearing was timely held.

Weiss, P. J., Mikoll, Levine and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.