In the Matter of VERNON BAGBY, Respondent, v NEW YORK STATE DIVISION OF PAROLE et al., Appellants. [621 NYS2d 651] —In a proceeding pursuant to CPLR article 78 to annul a determination of the New York State Board of Parole which, after a hearing, revoked the petitioner's parole and declared him delinquent, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Westchester County (Scarpino, J.), dated May 28, 1993, as vacated and annulled the declaration of delinquency and directed the appellants to restore the petitioner to parole status.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On April 27, 1992, the appellants filed a parole warrant (No. 164809) against the petitioner, who was under parole supervision, based upon his arrest for assaulting his niece. That warrant was dismissed on the ground of no probable cause, after a preliminary parole revocation hearing. On July 22, 1992, the petitioner was convicted of the assault and sentenced to one year in jail. On October 16, 1992, the respondents filed a second parole warrant (No. 164848) against the petitioner, this time based upon the conviction. That warrant was cancelled by the appellants on the ground that there was an insufficient basis to proceed to a hearing. On December 16, 1992, the appellants filed a third parole warrant (No. 164866) against the petitioner, once again based upon the assault conviction. A final parole revocation hearing was not held until more than 90 days after the issuance of parole warrant No. 164848. The petitioner brought the instant proceeding pursuant to CPLR article 78 asserting that he was not afforded a final parole revocation hearing within 90 days of the issuance of the parole warrant and thereby the appellants

violated his right to due process and his freedom from double jeopardy. The appellants opposed the application, arguing that the warrants were based upon different grounds. The Supreme Court found that the two warrants, No. 164848 and No. 164866, were identical, and that 90 days had expired before the final revocation hearing. Therefore, the court, *inter alia,* vacated and annulled the determination of the appellants. We affirm.

Generally, a parolee is entitled to a final revocation hearing within 90 days of the preliminary hearing (Executive Law § 259-i [3] [f] [i]). "A parolee convicted of committing a new *crime* while on parole and sentenced to a new *definite* term, however, need only receive a final revocation hearing (Executive Law § 259-i [3] [d])" *(People ex rel. Harris v Sullivan,* 74 NY2d 305, 308). We find that, under such circumstances, the time in which the final revocation hearing must be held begins to run upon the execution of the warrant.

There remains, however, the issue of which warrant was the operative warrant. We find that the second warrant (No. 164848) executed on October 16, 1992, began the 90-day time period and that period ran out before the final revocation hearing was held. The appellants' cancellation of that warrant and execution of an identical third warrant on December 10, 1992, had no effect on the 90-day period. To allow the appellants to avoid the running of the 90-day time period by simply cancelling a warrant and reissuing an identical warrant would "render meaningless the timeliness requirement" *(People ex rel. Harris v Sullivan, supra,* at 309). Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.