■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD JACKSON, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [622 NYS2d 238] —Judgment, Supreme Court, New York County (David Saxe, J.), rendered September 25, 1992, which denied and dismissed petitioner's application seeking to vacate the parole warrant lodged against him, unanimously affirmed, without costs.

The Division of Parole was entitled to await the disposition of the Federal bank robbery charges before lodging the parole violation warrant in this case *(see, People ex rel. Cook v Sullivan,* 130 AD2d 532, *lv denied* 70 NY2d 607; *Matter of Jackson v State of New York,* 127 AD2d 595, 596), and the delay between the date of petitioner's conviction and the date the warrant was lodged did not constitute a denial of due

process (see, Matter of Maissonett v State of New York, 130 AD2d 578) or a violation of 9 NYCRR 8004.2 (d) (2).

There also is no merit to petitioner's argument that the Division's failure to hold a final revocation hearing within 90 days from the date the warrant was lodged requires vacatur of the warrant, as the adjournments requested by petitioner in order to obtain counsel, and those at petitioner's counsel's request, were not chargeable to the Division (Executive Law § 259-i [3] [f] [i]; People ex rel. McAllister v Leonardo, 182 AD2d 1031, 1033), and petitioner's intervening transfer to Leavenworth, Kansas on February 5, 1992, as well as the evidence submitted by the Division regarding the Federal authorities' unwillingness to make petitioner available for a final parole revocation hearing until after he has completed his Federal sentence sufficiently demonstrated that petitioner was not subject to the practical control of the Division after said date (see, People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398-399). Concur—Murphy, P. J., Rosenberger, Ross, Asch and Nardelli, JJ.