**THE PEOPLE OF THE STATE OF NEW YORK** ex rel. **DELVIN SPEED**, Appellant, v **FREDERICK NETZEL**, as Superintendent of Erie County Correctional Facility, et al., Respondents. [639 NYS2d 195] Memorandum:

We reject the contention of relator that he was entitled to a writ of habeas corpus because his final parole revocation hearing was not held within 90 days of the probable cause determination (*see*, Executive Law § 259-i [3] [f] [i]). Relator was served with notice of parole violations on November 17, 1994, and a final parole revocation hearing was scheduled for January 13, 1995. The hearing commenced on that date but was adjourned until February 8, 1995 at the request of the New York State Board of Parole (Board). Relator's attorney failed to appear on that date and the Hearing Officer granted relator's request for an adjournment until such time as relator's attorney could appear. The hearing was completed on April 4, 1995 and the parole violation charges were sustained. Because the failure to meet the 90-day time limit resulted from relator's request for an adjournment, the Board may not be charged with that delay (*see, People ex rel. McAllister v Leonardo*, 182 AD2d 1031, 1033; *People ex rel. Smith v Meloni*, 142 AD2d 959).

We have reviewed relator's remaining contention and conclude that it lacks merit. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Habeas Corpus.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.