■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK FORD, Appellant, v SHERIFF OF ORANGE COUNTY, Respondent. [646 NYS2d 634] —In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Orange County (Owen, J.), dated February 14, 1995, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

There is no merit to the petitioner's contention that the Supreme Court erred in dismissing his petition. Contrary to the petitioner's contention, the Division of Parole did not violate Executive Law § 259-i (3) (f) (i) in conducting the parole revocation hearing on February 2, 1995. The record evinces that two prior adjournments, which had been requested by the petitioner so as to permit him to obtain assigned counsel, were not chargeable to the Division of Parole (*see, People ex rel. Jackson v New York State Div. of Parole,* 211 AD2d 585; *People ex rel. McAllister v Leonardo,* 182 AD2d 1031, 1033). With reference to the second adjournment, we note that the record indicates that the petitioner had actually requested the adjournment and merely took issue with it being chargeable to him. Bracken, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD LANDES, on Behalf of CLAUDIA CATTELL, Petitioner, v GERALD BURKHART, as Warden, Respondent. [646 NYS2d 629] —Writ of habeas corpus in the nature of an application for bail reduction upon Westchester County Indictment No. 96-0223.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the County Court, Westchester County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Kruger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Thompson, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.