■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TODD LUMPKINS, Appellant, v SHEILA VAUGHAN, as Warden of George R. Vierno Center, et al., Respondents. [651 NYS2d 428] —Judgment, Supreme Court, Bronx County (Burton Hecht, J.), entered on or about July 25, 1996, which dismissed petitioner's writ of habeas corpus, unanimously affirmed, without costs.

On March 31, 1978, petitioner was sentenced to 4¹/₂ to 21 years upon his conviction of rape and robbery. On January 25, 1985, he was released to parole supervision until March 6, 1998. On August 10, 1987, petitioner was convicted of murder and sentenced to 24 years to life, but the conviction was set aside upon the grant of his CPL 440.10 motion (*People v Lumpkins*, 141 Misc 2d 581), and he was acquitted after a new trial. Petitioner was released from custody after his acquittal, and was advised by the Division of Parole that he would be put on inactive parole status if he did not get into trouble for a period of one year.

On March 27, 1996, while on inactive parole status, petitioner pleaded guilty to promoting prostitution in the fourth degree. His parole was revoked after a hearing on the basis of this conviction, and he was ordered returned to prison for 12 months. Petitioner commenced the underlying habeas corpus

proceeding, claiming that his January 25, 1985 parole status was terminated automatically upon his conviction of murder, and that since he was not given a new Certificate of Release on Parole after his acquittal upon retrial, there were no extant conditions of parole that were violated when he pleaded guilty to promoting prostitution. The Supreme Court rejected this argument, and we now affirm.

Under Executive Law § 259-i (3) (d) (iii), a parolee convicted of a new felony and sentenced to an indeterminate term is "subject to revocation of parole by operation of law without any hearing" (*People ex rel. Harris v Sullivan*, 74 NY2d 305, 308). The statute does not by its terms, or by implication, prohibit the Board from continuing a releasee's parole status if his conviction of a new felony is reversed prior to his having been declared delinquent. Petitioner was explicitly notified in January 1985 that he was being released on parole supervision until March 6, 1998. Thus, he was still subject to the conditions of release in the 1985 Certificate of Release to Parole Supervision when he was convicted of promoting prostitution. Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.