■ In the Matter of WILLIAM MAISONAVE, Also Known as TONY RIVERA, Respondent, v GLENN S. GOORD, Appellant. [694 NYS2d 675] —On the Court's own motion, it is ordered that its

unpublished decision and order dated May 17, 1999, in the above-entitled case is recalled and vacated and the following decision and order is substituted therefor:

In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Correctional Services, dated May 27, 1998, which found that the petitioner was not entitled to jail time credit for the times served under a sentence imposed in the State of Connecticut, the appeal is from a judgment of the Supreme Court, Kings County (Lewis, J.), dated September 23, 1998, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, the petition is denied and the proceeding is dismissed on the merits.

On April 22, 1991, the petitioner was sentenced in the State of Connecticut to a four-year term of imprisonment. The sentence was to be suspended after two years, to be followed by a two-year conditional discharge. On August 16, 1991, the petitioner escaped from Connecticut custody.

On April 25, 1992, the petitioner was arrested in New York and subsequently pleaded guilty in this State to attempted criminal sale of a controlled substance in the third degree. The petitioner, however, failed to appear for sentencing on September 8, 1992.

On August 2, 1997, the petitioner was arrested in Connecticut and returned to custody to complete his original sentence as well as to serve an additional sentence imposed for his 1991 escape. On February 27, 1998, the petitioner was sentenced in New York to an indeterminate term of 1½ to 3 years imprisonment, to run concurrently with the term served in Connecticut. On May 29, 1998, the Connecticut authorities released him to the custody of the New York authorities and, on June 24, 1998, the petitioner began to serve his undischarged sentence.

The petitioner commenced the instant proceeding seeking credit toward the minimum term of his New York sentence for all of the time served under his concurrent Connecticut sentence. The appellant contends that the Supreme Court erred in determining that the Connecticut sentence was indeterminate and in crediting the petitioner with the time he had served in Connecticut in calculating the petitioner's minimum parole eligibility date. We agree.

Pursuant to Penal Law § 70.30 (1) (a) prior to its amendment by the Laws of 1995 (ch 3), the petitioner would be entitled to jail time credit towards the minimum portion of his New York

sentence if both the New York and Connecticut sentences were indeterminate. In our view, since the petitioner was subject to a definite Connecticut sentence and an indeterminate New York sentence, he does not qualify for the credit afforded by Penal Law § 70.30 (1) (a) (*cf., People ex rel. Harris v Sullivan,* 74 NY2d 305; *Matter of Witteck v Superintendent,* 65 AD2d 249, *affd* 48 NY2d 858). Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.