■ In the Matter of TONY WINDLEY, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [710 NYS2d 537] —In a proceeding pursuant to CPLR article 78 to review the issuance of a parole violation warrant No. 302108 lodged against the petitioner and to restore him to parole, the petitioner appeals from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated September 29, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, parole violation warrant No. 302108 is vacated, and the petitioner's parole status is reinstated.

The Supreme Court erred in determining that the exemption to the final parole revocation hearing requirement in Executive Law § 259-i (3) (d) (iii) applied to the petitioner who, while on parole, was convicted of a Federal crime committed in New York and was imprisoned in a Federal correctional facility located in New York (*see, People ex rel. Harris v Sullivan,* 74 NY2d 305, 311).

Accordingly, the petitioner was entitled to a final parole re-

vocation hearing within the statutory 90-day period, which commenced running from the time that the warrant was lodged as a detainer at the Federal correctional facility (see, e.g., *People ex rel. Walsh v Vincent,* 40 NY2d 1049, 1050; *People ex rel. Jackson v New York State Div. of Parole,* 211 AD2d 585; *Matter of Higgins v New York State Div. of Parole,* 72 AD2d 583). As no such hearing was held, the petitioner is entitled to the relief he seeks (see, *People ex rel. Levy v Dalsheim,* 66 AD2d 827, *affd* 48 NY2d 1019).

In view of this determination, we do not address the petitioner's remaining contention. Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.