**James KEYES, Plaintiff,**

v.

**Karl JUUL, NYS Division of Parole Officers, Defendants.**

**No. 01CV0314NGCLP.**

United States District Court, E.D. New York.

June 28, 2003.

James Keyes, Bronx, NY, Pro se.

Edward Rodriguez, NYS Office of the Attorney General, New York City, for Defendants.

## ORDER

GERSHON, District Judge.

*Pro se* plaintiff, James Keyes, brings this suit pursuant to 28 U.S.C. § 1983 seeking injunctive relief and monetary

damages. Plaintiff claims that defendants, Parole Officer Karl Juul and the New York State Division of Parole (the "Division"), violated his constitutional rights by improperly revoking his parole and by incorrectly calculating his prison term. Defendants move, pursuant to Fed.R.Civ.P. 12(b), to dismiss for lack of subject matter jurisdiction under the Eleventh Amendment, under the Rooker–Feldman doctrine and for failure to state a claim. On April 8, 2003, plaintiff requested a stay of future parole hearings pending the court's decision in this case.

Plaintiff was sentenced to an indeterminate term of imprisonment of four to twelve years for Robbery in the First Degree on July 12, 1984. He was released to parole supervision on December 16, 1987. Plaintiff was informed by the Division that, effective April 1, 1991, plaintiff "will no longer be required to report to or contact [his] parole officer for any reason nor will a parole officer be contacting [him]." In this letter, the Division also informed plaintiff that if he were convicted of a new felony offense, "the amount of time from the date of the offense that led to your new conviction to your current maximum sentence date [would] be added to the maximum term of your new offense."

On March 18, 1991, plaintiff was arrested and charged with attempted murder in the first and second degree, attempted aggravated assault on a police officer and criminal possession of a weapon in the second and third degree. On May 18, 1991, the Division recommended that, pending the outcome of the new criminal action, plaintiff not be declared delinquent and violated for this incident. Plaintiff subsequently pled guilty to criminal possession of a weapon in the second degree and was sentenced on January 16, 1992, to an indeterminate prison term of five to ten years. On January 28, 1992, the Division issued a final notice of delinquency, informing plaintiff that his sentence would be recalculated.

Plaintiff appeared before the Parole Board in January of 1996, February of 1998 and January of 2000 for interviews to determine discretionary release. Plaintiff was denied release and ordered held for an additional twenty-four month terms on each occasion.

On June 24, 1999, plaintiff administratively challenged the aggregation of the four years and nine months said by the Division to be owed on his previous term. Officer Juul responded on June 28, 2000, plaintiff filed a petition seeking a writ habeas corpus in New York Supreme Court, Orange County. On October 16, 2000, Justice Peter Patsalos denied plaintiff's petition and dismissed the proceeding, holding that, because plaintiff was convicted of a felony while on parole, his maximum expiration date on his first sentence was properly added to the maximum expiration date of the term of his new felony conviction. *Keyes v. Ernest Edwards,* 2000–CV–4297 (Sup.Ct., Orange Co., Oct. 16, 2000).

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, and draw all reasonable inferences in favor of plaintiff. *See Bolt Electric, Inc. v. City of New York,* 53 F.3d 465, 469 (2d Cir.1995). Dismissal is appropriate only where it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* This standard, as applied to *pro se* plaintiffs, requires that the court construe the complaint liberally. *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)(per curiam). In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege sufficient facts to show: "(1) the conduct complained of was committed by a person acting under color of law; and (2) the conduct complained of

deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir.1994) (citations omitted).

■ Plaintiff complains that his parole was revoked without a hearing following his arrest on March 18, 1991. The Court of Appeals for the Second Circuit has held that, prior to the recission of parole, due process requires that a parolee be provided with a written notice of the revocation, a hearing at which to present evidence and confront witnesses and a written statement setting for the reasons for the parole revocation. *Drayton v. McCall,* 584 F.2d 1208 (2d Cir.1978); *see also Green v. McCall,* 822 F.2d 284, 290–92 (2d Cir. 1987). Title 9 New York Comp.Codes R. & Regs. ("NYCRR") § 8000.2 provides that, prior to a parolee being returned to prison, the Board of Parole must hold a final hearing to determine if the parolee has in fact "violated one or more of the conditions of release in an important respect," and if the issuance of a Final Declaration of Delinquency is appropriate. However, Section 259–i.3(d) of New York's Executive Law states that, where a parolee has been convicted of committing a new crime while under parole supervision and is sentenced to a new indeterminate term, a Final Declaration of Delinquency is issued in accordance with the Board of Parole's rules. *See* 9 NYCRR §§ 8004.3(n) and 8004.3(h). Where, as here, a parolee is arrested and convicted of a new crime, the need for a final hearing to protect a parolee's due process rights by determining if the parolee has in fact "violated one or more of the conditions of release in an important respect" evaporates because the requirements of due process are satisfied either by the trial underlying the parolee's conviction or waived by his plea of guilty. *See McDaniel v. Stachowski,* 1995 WL 428619 (W.D.N.Y.), *aff'd* 104 F.3d 349 (2d Cir.1996) (concluding that "The Issuance of a Final Declaration of Delinquency eliminates the need for a final hearing because the revocation occurs thereupon by operation of law. In other words and as common sense dictates, a new sentence following conviction automatically triggers revocation of parole") *See also People v. Sullivan,* 74 N.Y.2d 305, 307–308, 546 N.Y.S.2d 821, 545 N.E.2d 1209 (1989)("a parolee convicted of committing a new felony and sentenced to an indeterminate term is not even entitled to a final revocation hearing"); *Keyes v. Ernest Edwards,* 2000–CV–4297 (Sup.Ct., Orange Co., Oct. 16, 2000).

■ Plaintiff's argument that he was discharged from parole by the March 13, 1991, letter is erroneous. As stated above, the March 13, 1991 letter merely informed plaintiff that, as of April 1, 1991, he would no longer be required to report to his parole officer. (Even if plaintiff were correct, plaintiff committed the parole violation on March 18, 1991, twelve days prior to April 1, 1991, the effective date of his alleged discharge.) As plaintiff has not demonstrated that he was discharged from parole at the time of his arrest and subsequent conviction, plaintiff's parole was revoked by operation of law. Accordingly, plaintiff's claim regarding the Board of Parole's failure to hold a final hearing prior to issuing a Final Declaration of Delinquency is without merit.

■ Plaintiff's remaining claim, namely, that Officer Juul violated his constitutional rights by incorrectly calculating his prison term must also be dismissed. Plaintiff's claim of improper calculation rests upon his mistaken belief that the notice given plaintiff on March 13, 1991, informing plaintiff that he was no longer on active parole and need not continue to contact his parole officer amounted to a discharge of his parole. While Officer Juul admittedly

erred in informing plaintiff that he had reached the initial maximum expiration date prior to the final declaration of delinquency, this error, which was corrected when the issue was brought to the Division's attention, did not violate plaintiff's constitutional rights. Plaintiff seeks to rely on the error, but the Constitution gives him no right to do so. *See e.g. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)(no inherent liberty interest in parole); *see also Hewitt v. Helms*, 459 U.S. 460, 467, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)(establishment of a parole system does not in itself give rise to due process rights in parole procedures). As plaintiff cannot allege a constitutional deprivation from Officer Juul's error, plaintiff's suit against Officer Juul must be dismissed.

■ Finally, insofar as plaintiff seeks release from custody, he can do so only on a properly submitted petition seeking a writ of habeas corpus, not in a Section 1983 action. Defendant's motion to dismiss is granted in its entirety for failure to state a claim; therefore defendant's other grounds for dismissal need not be addressed. Plaintiff's request for a stay of future parole hearings is denied.

**SO ORDERED.**