OPINION OF THE COURT
Richard Lee Price, J.
Petitioner moves by writ of habeas corpus for an order vacating a parole violation warrant and reinstating him to parole supervision, based upon his claim that the Division of Parole failed to use due diligence in issuing and executing the warrant.
The relevant facts are as follows. On March 5, 2001, petitioner was convicted of criminal sale of a controlled substance in the fifth degree in Queens County, Supreme Court (Wong, J.), and sentenced to an indeterminate prison term of 2V2 to 5 years. On July 5, 2006, petitioner was released to parole supervision with a maximum expiration date of September 25, 2008.
On July 14, 2006, petitioner was arrested in Queens County and charged with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and criminal facilitation in the fourth degree. He was incarcerated by the New York City Department of Correction beginning July 16, 2006. On August 28, 2006, the New York State Division of Parole prepared a violation of release report which contained four charges against petitioner, including his criminal conduct on July 14, 2006 and his failure to notify his parole officer of the arrest. On September 9, 2006, the Division of Parole recommended the following action with respect to petitioner’s violations: “No delinquency pending court action” (Division of Parole Area/Bureau Analysis, exhibit B to Attorney General’s affirmation in opposition to petition). The Division’s stated reason for this recommendation was as follows: “The arresting officer is unable to testify to what transpired during the buy and bust operation and the undercover officer will not be available to testify” (id.).
Petitioner’s July 14, 2006 arrest resulted in a misdemeanor conviction for criminal facilitation in the fourth degree on October 31, 2006. Petitioner was sentenced to a term of one-year imprisonment and was incarcerated until March 14, 2007. After his release from custody, petitioner continued reporting to parole for approximately four months.
On July 20, 2007, parole warrant No. 4800080 was issued when petitioner stopped reporting to his parole officer and changed his approved residence. On July 24, 2007, a supplemen *871 tary violation of release report was prepared containing three additional charges: charge 5 alleged that petitioner failed to report to his parole officer on June 27, 2007 and thereafter; charge 6 alleged that petitioner changed his address on July 20, 2007; and charge 7 alleged that petitioner incurred a misdemeanor conviction on October 31, 2006.
On August 21, 2007, petitioner was arrested in Queens County and charged with robbery in the second degree.[1] Parole warrant No. 4800080 was executed against petitioner on that date. Three days later, on August 24, 2007, petitioner was served with the notice of violation, violation of release report, and supplementary violation of release report. Petitioner was informed that he was not entitled to a preliminary hearing because he had been convicted of a misdemeanor while under parole supervision. The final parole revocation hearing was scheduled for September 13, 2007.[2]
By writ of habeas corpus submitted to this court on October 31, 2007, petitioner seeks an order vacating the parole warrant and canceling the declaration of delinquency. He argues that the Division failed to exercise due diligence in issuing and/or executing the parole warrant. He notes that the warrant was not executed until 13 months after the July 14, 2006 arrest, 10 months after his sentencing for the misdemeanor conviction arising out of the arrest, and five months after his release from incarceration. Petitioner also asserts that the Division should be barred from using his October 31, 2006 conviction as a “new crime” for the purpose of denying him a preliminary hearing.
Conclusions of Law
There is no statutory or regulatory period within which a parole warrant must be lodged and executed after the Division learns of a new arrest or parole violation (see People ex rel. Washington v Pagan, Sup Ct, Bronx County, Sept. 9, 2003, Boyle, J., index No. 75018/03; People ex rel. Mammina v New York State Div. of Parole, Sup Ct, Bronx County, Apr. 29, 2003, Moore, J., index No. 51939/02). Rather, the decision whether to issue a warrant is a matter left to the discretion of the Division. Absent “gross disinterest,” the issuance and execution of a parole warrant is a matter within the Division’s discretion and not subject to review (see People ex rel. Cross v New York State *872 Div. of Parole, 261 AD2d 108 [1st Dept 1999]; People ex rel. Merritt v New York State Div. of Parole, 257 AD2d 435 [1st Dept 1999]). Notwithstanding the discretion accorded to the Division in executing warrants, however, the issue of whether a petitioner was denied due process by the delay between his arrest and execution of the warrant must be resolved (see People ex rel. Richman v Pagan, Sup Ct, Bronx County, July 30, 2003, Globerman, J., index No. 18350/03). Fundamental fairness requires the prompt disposition of charges against a parolee, and whether a disposition is prompt is governed by such factors as the length of the delay, the reason for the delay, and whether petitioner contributed to the delay (see People ex rel. Flores v Dalsheim, 66 AD2d 381, 388 [2d Dept 1979]).
Applying the aforementioned principles to the case at bar, the court concludes that the petitioner was not denied due process by the delay between his 2006 arrest and execution of the warrant and that the Division acted within its discretion in not immediately violating him. The initial SVa-month period between the arrest and petitioner’s conviction by plea was not excessive since the Division is afforded a reasonable opportunity to investigate new criminal charges (see People ex rel. Sanchez v Warden, Sup Ct, Bronx County, Mar. 24, 1996, Stadtmauer, J., index No. 1564/96). The subsequent period of delay following petitioner’s conviction and incarceration was also reasonable under the circumstances of this case (see People ex rel. Jackson v New York State Div. of Parole, 211 AD2d 585 [1st Dept 1995]). Notably, the Division has offered an explanation for this delay. The Division explains that its motivation in not immediately violating petitioner after his release from custody was that it wanted to give him a chance to “clean up his life and stay out of State prison” (Division’s opposition papers at 7). Thus, the Division did not violate him on his 2006 arrest until after he had been given a chance to stay out of the system for a while. Since the record reflects that the Division kept close track of petitioner’s whereabouts during this period, its conduct with regard to petitioner cannot be construed as “gross disinterest.” Finally, it should be noted that the one-month delay between issuance and execution of the warrant was caused by petitioner’s unauthorized change of address and failure to report. Accordingly, under the circumstances of this case, the court finds that the 13-month delay between petitioner’s 2006 arrest and execution of the warrant did not constitute a denial of due process (see People ex rel. Jackson v New York State Div. of Parole at 585; People ex rel. Richman v Pagan, supra).
*873 The court also rejects petitioner’s contention that he was denied his right to a preliminary hearing. Because petitioner had been convicted of a new misdemeanor conviction while under parole supervision, he was not entitled to a preliminary hearing (see Executive Law § 259-i [3] [c] [i], [iv]).
Accordingly, the petition is dismissed in its entirety.

. This case remains open in Queens County under docket No. 2007-QN-046393.

. Petitioner’s final parole revocation hearing is pending.