■ In the Matter of JEFFREY WARLEY, Also Known as JOHN ANDERSON, Appellant, v RAMON RODRIGUEZ, as Chairman of the New York State Division of Parole, et al., Respondents.— Judgment unanimously affirmed. Memorandum: Executive Law § 259-i (3) (d) provides that where a person has been convicted of a new felony committed while on parole or conditional release supervision, and a new indeterminate sentence has been imposed, the Board's rules shall provide for a final declaration of delinquency. The Board's rules provide for the issuance of a final declaration of delinquency upon a finding that a releasee has been convicted of a crime while under his present parole or conditional release supervision (9 NYCRR 8004.3 [a] [4]). "The date of delinquency is the earliest date that a violation of parole is alleged to have occurred. The declaration of delinquency, when issued, interrupts the sentence as of the date of the delinquency" (9 NYCRR 8004.3 [b]).

Petitioner, while on conditional release, was charged with a new felony. After petitioner entered his plea of guilty and before he was sentenced, the Division of Parole issued a final declaration of delinquency fixing the date of delinquency at the date that petitioner committed the new felony. Realizing that the final declaration of delinquency was premature because it was issued before the new sentence was imposed, the Division of Parole reversed its prior action and issued a new final declaration of delinquency.

Thereafter, petitioner brought this CPLR article 78 proceeding to annul the determination of the Division of Parole in revoking his conditional release upon the ground that the first final declaration of delinquency was a nullity because it was issued before petitioner was sentenced, and that the Board of Parole had no jurisdiction to issue a new final declaration of delinquency because his sentence had expired before the new declaration was issued.

We agree with Special Term that the Parole Board had the power to issue a new final declaration of delinquency even though petitioner's sentence had expired. The new final declaration of delinquency, when issued, interrupted petitioner's sentence "as of the date of the delinquency" (9 NYCRR 8004.3 [b]) which, in this case, was the date that petitioner committed

the new felony. Neither the statute nor the regulations requires that the final declaration of delinquency be made before petitioner's sentence expires; the operative date is the date of the commission of the new felony. It may take months or even years for a person who has committed a new felony while on parole supervision to be convicted and sentenced for the new felony; nevertheless, when convicted and sentenced, and finally declared delinquent, his date of delinquency is retroactive to the date of the commission of the new felony. (Appeal from judgment of Supreme Court, Oneida County, Lynch, J.—art 78.) Present—Dillon, P. J., Doerr, Boomer, Green and Balio, JJ.