■ RANDALL PETERSON, Appellant, v RICHARD W. BARLOW et al., Respondents.—Order unanimously affirmed with costs *(see, Schwartz v Foley,* 142 AD2d 635). (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—summary judgment.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE TURNER, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—rape, first degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.

■ In the Matter of JEROME WASHINGTON, Appellant, v RAMON J. RODRIGUEZ, as Chairman of the New York State Division of Parole, et al., Respondents.—Judgment unanimously affirmed. Memorandum: In this parole revocation proceeding, respondent did not err in declaring petitioner delinquent on the date he committed the new crime and was arrested, rather than on the date of his conviction. Executive Law § 259-i (3) (d) (i), the automatic revocation statute, requires the Parole Board to establish rules to "provide for * * * declaring such person to be delinquent as soon as practicable". The applicable regulation provides, "The date of delinquency is the earliest date that a violation of parole is alleged to have occurred" (9 NYCRR 8004.3 [b]). Thus, the statute and regulations contemplate that the parolee will be declared delinquent on the date of the new crime, not the date of conviction. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.