■ In the Matter of BOBBY JARRELL, Appellant, v RAMON RODRIGUEZ, as Chairman of the New York State Division of Parole, Respondent.—Weiss, J. P. Appeal from a judgment of the Supreme Court (Williams, J.), entered January 18, 1990 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of jurisdiction.

While on parole petitioner was arrested and charged with armed robbery. A parole violation warrant was issued and, after a preliminary hearing, it was determined that probable cause existed to believe that petitioner had violated his parole. After several postponements of the final revocation hearing, the warrant was vacated and petitioner returned to parole supervision because of the failure to timely hold a final revocation hearing. Subsequently, petitioner was convicted, upon his guilty plea, of two counts of robbery in the second degree and was sentenced to two concurrent 4-to-8-year terms of imprisonment. Petitioner's parole was then revoked by operation of law (Executive Law § 259-i [3] [d] [iii]) and respondent determined that August 21, 1986, the date of petitioner's arrest on the robbery charges, was the date of delinquency. Petitioner was informed of this administrative determination on October 5, 1988 by his parole officer, but refused to sign for or accept written notification of the parole revocation. In a letter from his counsel dated July 18, 1989 petitioner sought administrative review of the parole revocation, which application was denied as untimely in a letter dated July 26, 1989 (see, 9 NYCRR former 8006.1 [b]; see also, Executive Law § 259-i [4] [a]). The denial letter found the delinquency date to be correct on the merits. By a petition dated October 11, 1989, petitioner sought review of the revocation determination. Respondent's motion to dismiss was granted, giving rise to this appeal. We affirm.

While respondent's regulation (9 NYCRR 8006.1 [a]) is silent as to any appeal time period for final declarations of delinquency, we deem respondent's letter of July 26, 1989 to be a denial on the merits. However, contrary to petitioner's assertion, the revocation of parole was based on new circumstances, i.e., the conviction (see, People ex rel. Williams v Rodriguez, 108 AD2d 1007, lv denied 65 NY2d 603), and resulted by operation of law. As petitioner now acknowledges the existence of a new felony conviction, the only possible issue for review would be the delinquency date. The setting of the delinquency date by respondent as the date of arrest or the date of the commission of the crime, rather than the date of conviction, is correct (see, 9 NYCRR 8004.3 [b]; Matter of Washington v Rodriguez, 154 AD2d 944; Matter of Warley v Rodriguez, 145 AD2d 901).

Judgment affirmed, without costs. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.