■ In the Matter of THOMAS A. BONILLA, Appellant, v PAUL RUSSI, as Chairman of the New York State Board of Parole,

Respondent. [620 NYS2d 1019] —Casey, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 4, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination revoking petitioner's parole.

While on parole based on a prior conviction, petitioner was, on two separate occasions, arrested on unrelated charges and released on bail. The Division of Parole prepared reports on the matters, but issued no warrant pending the outcome of the criminal proceedings. While the new charges were pending, petitioner was taken into custody on a detainer warrant after he submitted a urine specimen as directed by his parole officer. Following a preliminary parole revocation hearing, a Hearing Officer found probable cause to believe that petitioner had violated his conditions of parole by using heroine and cocaine without proper medical authorization. Petitioner was thereafter convicted on the pending criminal charges, resulting in a final declaration of delinquency and parole revocation based on the convictions.

Petitioner argues that respondent erred in setting the delinquency date as the date of petitioner's arrest while on parole, rather than the date of the conviction which arose out of that arrest. We rejected such an argument in *Matter of Jarrell v Rodriguez* (167 AD2d 776, *lv denied* 77 NY2d 806) and see no reason not to follow that precedent in this case. Accepting petitioner's argument that his waiver of the right to be present at the probable cause hearing did not waive his right to challenge the evidentiary basis of the probable cause determination *(but see, Matter of White v New York State Div. of Parole,* 60 NY2d 920, 922), the claim was rendered moot by the final declaration of delinquency and parole revocation based upon the subsequent conviction *(see, Matter of Collins v Rodriguez,* 138 AD2d 809).

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.