(September 28, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES F. HANNA, Appellant. [631 NYS2d 787] Casey, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered July 5, 1994, convicting defendant upon his plea of guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree.

While on parole as a result of a prior conviction, defendant was arrested and subsequently indicted on numerous charges, including two felonies, arising out of his operation of a motor vehicle. In satisfaction of the indictment, defendant entered a guilty plea to one of the felony counts. Pursuant to the plea agreement, defendant was to receive a sentence of 1 to 3 years, which County Court described as "indeterminate and concurrent". After County Court sentenced defendant to 1 to 3 years in prison, defendant moved to set aside the sentence and also sought permission to withdraw his plea on the ground that the sentence did not comply with the plea agreement. County Court denied the motion.

On this appeal from the judgment, defendant again argues that he should be allowed to withdraw his plea, claiming that he was not sentenced in accordance with the plea agreement. In effect, defendant seeks appellate review of the denial of his postconviction motion. For the purposes of judicial economy, we will deem the present proceeding as a request for leave to appeal the order of denial and grant it (see, People v Hierl, 197 AD2d 796, 797, lv denied 82 NY2d 896). We note that although defendant has been released on parole, the relief he seeks involves the plea itself and not just the sentence.

We reject defendant's claim that County Court failed to impose the agreed-upon concurrent sentence. This case does not fall within any of the provisions of Penal Law § 70.25 which require that the 1 to 3-year sentence and the prior undischarged term run consecutively. Nor did County Court specify that the terms run consecutively. Accordingly, by operation of law, the terms ran concurrently (Penal Law § 70.25 [1] [a]), as promised in the plea agreement.

Defendant's objection can be traced to his mistaken belief that he only owed approximately 2 years and 6 months on the prior undischarged term when the new sentence was imposed. In fact he owed considerably more time because the prior sentence was automatically interrupted when the Parole Board declared him delinquent and the interruption continued until

defendant was returned to prison (see, Penal Law § 70.40 [3] [a]). Although defendant received credit against the new sentence for the time he spent in the County Jail on the charges which culminated in the new sentence (see, Penal Law § 70.30 [3]), he was not entitled to credit for that jail time against the prior undischarged term which had been interrupted (see, Penal Law § 70.40 [3] [c]). As a result, the maximum expiration date for defendant's prior undischarged term was recalculated to reflect the interruption. The extension of defendant's maximum expiration date was caused by the impact of Penal Law § 70.40 (3) (a) on the prior undischarged term and not, as defendant claims, proof that County Court failed to impose the promised concurrent sentence.

Cardona, P. J., Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed.