■ In the Matter of ANTONIO CRUZ, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [732 NYS2d 651] —Carpinello, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered September 29, 2000 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as untimely.

Petitioner is currently incarcerated as a result of several sentences, the most recent of which was imposed in January 1996 based upon crimes he committed while on parole. In or about October 1999, petitioner commenced a CPLR article 78 proceeding which apparently challenged the date of delinquency arising out of the 1996 conviction. The proceeding was ultimately dismissed as untimely, but during the process of preparing a response to that petition, respondent Department of Correctional Services (hereinafter the Department) discovered an error in the calculation of petitioner's sentence. The error resulted from the Department's failure to take into account

the delinquent time owed on petitioner's 1987 sentence. Accordingly, petitioner's sentence was recalculated in November 1999, which resulted in a revised maximum expiration date of April 12, 2010.

When petitioner learned of the recalculation, he commenced the instant CPLR article 78 proceeding to challenge the inclusion of the delinquent time from the 1987 sentence. Supreme Court dismissed the petition as untimely and, on this appeal, respondents concede that the Statute of Limitations does not bar this proceeding, but they assert that dismissal on the merits is required. We agree that the petition has no merit.

When petitioner was convicted in 1992 of a crime which he committed while on parole on the 1987 sentence, his parole was automatically revoked by operation of law (*see*, Executive Law § 259-i [3] [d] [iii]) and the date of delinquency was properly set as the September 10, 1991 date of his arrest on the new crime (*see*, *Matter of Jarrell v Rodriguez*, 167 AD2d 776, *lv denied* 77 NY2d 806). Pursuant to Penal Law § 70.40 (3) (a), the 1987 sentence was interrupted by the delinquency and the interruption continued until petitioner was returned to the Department's custody (*see*, *People v Hanna*, 219 AD2d 792). Accordingly, the extension of petitioner's maximum expiration date to reflect the delinquent time owed on the 1987 sentence was mandated by law (*see*, *id.*).

There is no support in the record for petitioner's claim that the notice of final declaration of delinquency issued by the Board of Parole as a result of the 1992 conviction was actually fabricated in retaliation for the CPLR article 78 proceeding commenced by petitioner in 1999. As noted above, the revocation of petitioner's parole and the declaration of delinquency were the required results of petitioner's 1992 conviction of a crime committed while on parole. Neither the Department's oversight in failing to include the delinquent time owed on the 1987 sentence in prior calculations of petitioner's sentence nor petitioner's claim that he was not notified in writing that his parole on the 1987 sentence had been revoked, as required by Executive Law § 259-i (3) (d), precluded the Department from correcting the error. The calculation of petitioner's maximum expiration date to reflect the correct jail time involves a continuing, nondiscretionary, ministerial duty (*see*, *Matter of Bottom v Goord*, 96 NY2d 870) and we see no reason to reach a different conclusion with regard to the correct delinquent time. The extension of petitioner's maximum expiration date to reflect the interruption of the 1987 sentence was mandated by statute (*see*, *People v Hanna*, *supra*) and, therefore, there is no

basis to disturb the Department's recalculation of petitioner's sentence.

Mercure, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.