■ The People of the State of New York ex rel. Felix Melendez, Appellant, v Floyd Bennett, as Superintendent of Elmira Correctional Facility, Respondent. [738 NYS2d 112] —Carpinello, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered December 6, 2000 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Claiming that he was unlawfully imprisoned beyond what he asserts to be his properly calculated conditional release date, petitioner commenced this habeas corpus proceeding. Supreme Court dismissed the petition without a hearing. We affirm.

In February 1994, petitioner was arrested and charged with two felonies committed while he was released to parole supervision from a previously imposed sentence of imprisonment. He was convicted of those charges in May 1995 and sentenced as a second felony offender to concurrent indeterminate prison terms. According to petitioner, his parole was not properly revoked and, therefore, the 532 days of jail time he served prior to his return to state prison should have been credited against the undischarged term of the sentence on which he had been released to parole supervision.

Inasmuch as petitioner's 1995 conviction of crimes he committed while on parole on the previously imposed sentence resulted in the automatic revocation of his parole and interrupted the running of the previously imposed sentence effective as of the date of delinquency, which was properly set as the February 2, 1994 date of his arrest on the new charges,

petitioner's maximum expiration date was correctly extended to reflect the delinquent time owed on the undischarged term (*see, Matter of Cruz v New York State Dept. of Correctional Servs.*, 288 AD2d 572). Moreover, inasmuch as petitioner's parole was revoked by operation of law (*see,* Executive Law § 259-i [3] [d] [iii]), he was not entitled to any hearing, preliminary or final (*see, People ex rel. Harris v Sullivan,* 74 NY2d 305, 308). Nor were petitioner's rights violated by the decision of the Division of Parole not to issue a warrant upon his arrest and, instead, to await final disposition of the criminal charges (*see, People ex rel. Jackson v New York State Div. of Parole,* 211 AD2d 585; *Matter of Bonilla v Russi,* 210 AD2d 828).

Inasmuch as petitioner's jail time was the result of his incarceration on the pending charges, it could not be credited against the undischarged term of the previously imposed sentence which had been interrupted (*see, People v Hanna,* 219 AD2d 792, 793). Petitioner's claim that he was not served with a written notice of final declaration of delinquency is insufficient to preclude the Department of Correctional Services from calculating his correct maximum expiration and conditional release dates, which involved a continuing, nondiscretionary, ministerial duty (*see, Matter of Cruz v New York State Dept. of Correctional Servs., supra*). In any event, the Department credited petitioner with the 532 days by subtracting that amount from the aggregate of the time owed on the undischarged term of the interrupted sentence and the maximum term of the concurrent sentences imposed in 1995 which, by operation of law, were consecutive to the undischarged term (*see,* Penal Law § 70.25 [2-a]). As a practical matter, the result would have been the same if, as petitioner claims, the 532 days had first been subtracted from the undischarged term. The record provides no basis for granting any relief to petitioner and, therefore, Supreme Court correctly dismissed the petition.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.