■ In the Matter of JOSE OQUENDO, Appellant, v BRION D. TRAVIS, as Chair of the New York State Division of Parole, Respondent. [750 NYS2d 801] —Appeal from a judgment of the Supreme Court (Lamont, J.), entered February 14, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as untimely.

On October 10, 2001, petitioner commenced this proceeding to challenge a decision of the Board of Parole revoking his parole release without a hearing. The record establishes that the Board's final decision was mailed to petitioner no later than January 17, 2001 and that he did not commence this proceeding until approximately nine months thereafter. Hence, the matter was properly dismissed for failure to comply with the applicable statute of limitations period requiring that all CPLR article 78 proceedings are to "be commenced within four

months after the determination to be reviewed becomes final and binding" (CPLR 217 [1]; *see Matter of Carter v State of New York, Exec. Dept., Div. of Parole*, 95 NY2d 267, 270; *Matter of Parker v Executive Dept., Bd. of Parole*, 278 AD2d 767).

Even if this proceeding had been timely commenced, the judgment of dismissal would be affirmed. As petitioner was convicted of a felony while on parole release and was duly sentenced on that conviction, his parole was revoked by operation of law without the necessity of holding a parole revocation hearing (*see* Executive Law § 259-i [3] [d] [iii]; *see also People ex rel. Harris v Sullivan*, 74 NY2d 305, 308; *People ex rel. Melendez v Bennett*, 291 AD2d 590, 591, *lv denied* 98 NY2d 602).

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.