■ THE PEOPLE OF STATE OF NEW YORK ex rel. ROBERT CAMARANO, Appellant, v JOSEPH COSTELLO, as Superintendent of Mid-State Correctional Facility, Respondent. [760 NYS2d 915] —Appeal from a judgment (denominated order) of Supreme Court, Oneida County (Shaheen, J.), entered April 16, 2002, which, inter alia, dismissed the petition seeking a writ of habeas corpus.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly dismissed the petition seeking a writ of habeas corpus. In November 1999, while released on parole supervision on a sentence of 15 years to life, petitioner was charged with several offenses and pleaded guilty to, inter alia, a felony in satisfaction of those charges. On November 9, 2000, petitioner was sentenced on the new conviction to an aggregate term of imprisonment of 1½ to 3 years. Because petitioner was convicted of offenses committed while on parole supervision, his parole was revoked by operation of law (*see* Executive Law § 259-i [3] [d] [iii]). Thus, contrary to the contention of petitioner, he was not entitled to a final revocation hearing (*see People ex rel. Melendez v Bennett*, 291 AD2d 590, 591 [2002], *lv denied* 98 NY2d 602 [2002]; *Matter of Cruz v New York State Dept. of Correctional Servs.*, 288 AD2d 572, 573 [2001], *appeal dismissed* 97 NY2d 725 [2002]; *Matter of Warley v Rodriguez*, 145 AD2d 901 [1988]). Contrary to his further contention, we conclude that petitioner was not held illegally past his conditional release date on the new conviction.

The original sentence was interrupted by the declaration of delinquency (*see* Penal Law § 70.40 [3] [a]; *Cruz,* 288 AD2d at 573) and the sentence on the new conviction runs consecutively to the sentence on the original conviction (*see* § 70.25 [2-a]). We have considered petitioner's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Lawton, JJ.