■ In the Matter of JOSE TINEO, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [787 NYS2d 916]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 3, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating his maximum period of imprisonment.

Petitioner, sentenced to 4½ to 9 years in prison following his 1993 conviction for criminal sale of a controlled substance in the third degree, was subsequently released on parole. While on parole, petitioner was arrested on September 15, 2000 on felony charges which ultimately resulted in his conviction on July 8, 2002 for criminal sale of a controlled substance in the fifth degree. He was sentenced to a prison term of 2½ to 5 years. On August 19, 2002, petitioner was returned to the custody of the Department of Correctional Services (hereinafter DOCS) and, on the same date, respondent Division of Parole issued a "No-

tice of Final Declaration of Delinquency" which, among other things, advised petitioner that the Board of Parole determined that he was delinquent as of the date of his arrest. DOCS thereafter calculated the maximum expiration date of petitioner's sentence to be June 24, 2009, by adding the maximum term of his new sentence (5 years, minus the 63 days of jail time certified by the New York City Department of Correction)* to the delinquent time owed on the prior sentence of 2 years and 9 days.

Petitioner commenced this CPLR article 78 proceeding challenging the computation of his maximum expiration date and alleging that the Division of Parole failed to afford him a hearing prior to revoking his parole. Finding no error, Supreme Court dismissed the petition and petitioner appeals.

We affirm. Petitioner was not entitled to a parole revocation hearing because his parole was revoked by operation of law upon his conviction for a crime committed while on parole from a previously imposed sentence (see Executive Law § 259-i [3] [d] [iii]). The date of delinquency was properly set as the September 15, 2000 date of his arrest for the new crime (see 9 NYCRR 8004.3 [b]; People ex rel. Harris v Sullivan, 74 NY2d 305, 308 [1989]; People ex rel. Melendez v Bennett, 291 AD2d 590, 590-591 [2002], lv denied 98 NY2d 602 [2002]). Pursuant to Penal Law § 70.40 (3) (a), the 1993 sentence was interrupted by the delinquency and the interruption continued until petitioner was returned to DOCS' custody (see Matter of Cruz v New York State Dept. of Correctional Servs., 288 AD2d 572, 573 [2001], lv denied 97 NY2d 725 [2002]). Accordingly, when petitioner was returned to DOCS' custody on August 19, 2002, he owed the time remaining on his prior sentence as of September 15, 2000, which DOCS properly calculated. We reject petitioner's assertion that the undischarged portion of his prior prison term must be served concurrently with his new sentence. Penal Law § 70.25 (2-a) requires that his new sentence be served consecutively to his undischarged sentence (see Matter of Slater v Goord, 289 AD2d 884, 884 [2001], lv denied 97 NY2d 612 [2002]; Matter of Forman v Potempa, 261 AD2d 671 [1999]).

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner was released on bail for most of the time between the date of his arrest and the date of his conviction.