■ In the Matter of HAROLD BARKSDALE, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [834 NYS2d 747]—

Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered July 12, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking his parole and holding him until his maximum expiration date.

In 1991, petitioner was convicted of three counts of robbery in the first degree and was sentenced to three concurrent terms of imprisonment of 9 to 18 years. He was released to parole supervision in February 2001. In May 2002, petitioner was arrested in Vermont and charged with certain crimes arising from his detention and assault of a female in a hotel room. He subsequently entered pleas of nolo contendere to two counts of assault and one count of unlawful restraint in the second degree, and served time in a Vermont prison. When he was returned to New York, he was charged with violating certain conditions of his parole and he waived a preliminary hearing. A final parole revocation hearing was conducted which resulted in a determination finding him guilty of violating three of the conditions of his parole, and recommending that his parole be revoked and that he be held until his maximum expiration date. The Board of Parole affirmed this determination and petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the proceeding and this appeal ensued.

We affirm. We find no merit to petitioner's claim that his parole was automatically revoked by operation of law pursuant to Executive Law § 259-i (3) (d) (iii) as a result of his Vermont conviction, thereby requiring his reappearance before the Board instead of a final revocation hearing. The Court of Appeals has made it clear that automatic revocation only applies where a

parolee has been sentenced to a new felony in New York while under parole supervision and the sentence imposed is an indeterminate one (*see People ex rel. Harris v Sullivan*, 74 NY2d 305, 309-311 [1989]). Inasmuch as petitioner was convicted in Vermont, Executive Law § 259-i (3) (d) (iii) is inapplicable and a final revocation hearing was properly held (*see id.*; *compare Matter of Tineo v New York State Div. of Parole*, 14 AD3d 949 [2005]). Furthermore, the Board's decision to hold petitioner until his maximum expiration date was neither harsh nor excessive given petitioner's criminal history and the violent circumstances surrounding his Vermont conviction (*see Matter of Davidson v New York State Div. of Parole*, 34 AD3d 998, 999 [2006], *lv denied* 8 NY3d 803 [2007]; *Matter of Cole v Travis*, 275 AD2d 874, 875 [2000]). Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.