■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES JACKSON, Appellant, v JAMES MORRISSEY, as Superintendent of Butler Correctional Facility, Respondent. [842 NYS2d 816]—

Appeal from a judgment of the Supreme Court, Wayne County (Stephen R. Sirkin, A.J.), entered September 5, 2006 in a habeas corpus proceeding. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking habeas corpus relief on the ground that he did not receive a written final declaration of delinquency in accordance with Executive Law § 259-i (3) (d) (iii) and 9 NYCRR 8004.3 (g) upon being charged with and convicted of a felony while on parole. We reject the contention of petitioner that he had a due process right to receive the final written declaration of delinquency when his parole was revoked and he was reincarcerated upon being charged with and convicted of the new crime (*see Morrissey v Brewer*, 408 US 471, 490 [1972]; *see also People ex rel. Harris v Sullivan*, 74 NY2d 305, 310 [1989]). "Inherent in a

new felony conviction is the fact that a parole violation was sustained" (*Matter of O'Quinn v New York State Bd. of Parole*, 132 Misc 2d 92, 95 [1986]). Upon his conviction of a new crime, petitioner's parole was automatically revoked by operation of law (*see Matter of Thompson v New York State Div. of Parole*, 171 AD2d 909 [1991]), and respondent had "a continuing, nondiscretionary, ministerial duty" to recalculate the maximum expiration date of petitioner's sentence (*People ex rel. Melendez v Bennett*, 291 AD2d 590, 591 [2002], *lv denied* 98 NY2d 602 [2002]; *see Matter of Cruz v New York State Dept. of Correctional Servs.*, 288 AD2d 572, 573 [2001], *appeal dismissed* 97 NY2d 725 [2002]). Present—Hurlbutt, J.P., Gorski, Lunn, Fahey and Peradotto, JJ.