■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES D. STRAUSS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [867 NYS2d 223]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 11, 2008 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1991, petitioner was convicted of two counts of burglary in the second degree and two counts of burglary in the third degree and was sentenced, respectively, to concurrent terms of 3 to 9 years and $2^1/_3$ to 7 years in prison. He was released to parole supervision in 1993. He was subsequently charged with violating the terms of his parole as the result of his involvement in two robberies. A preliminary parole revocation hearing was held on March 16, 1994 in connection with charges stemming from the first robbery, and the final parole revocation hearing in connection therewith was adjourned until December 6, 1994, after the anticipated resolution of the pending criminal charges. In November 1994, petitioner was convicted of two counts of robbery in the second degree and was sentenced as a predicate felony offender to concurrent terms of $7^1/_2$ to 15 years in prison, to run consecutive to his 1991 sentences. On December 2, 1994 when petitioner was received into the custody of the Department of Correctional Services, respondent issued a final declaration of delinquency formally revoking his parole.

In October 2007, petitioner brought the instant application for a writ of habeas corpus alleging, among other things, that he is being illegally detained because he did not receive a final parole revocation hearing within 90 days of the preliminary parole revocation hearing in violation of Executive Law § 259-i (3)

(f) (i). Supreme Court dismissed petitioner's application without a hearing. This appeal ensued.

We affirm. Regardless of the merits of petitioner's claim that he was not afforded a final parole revocation hearing in accordance with the requirements of Executive Law § 259-i (3) (f) (i), he is presently incarcerated due to his 1994 convictions of robbery in the second degree which provide an independent basis for revoking his parole pursuant to Executive Law § 259-i (3) (d) (iii) (*see People ex rel. Camarano v Costello*, 306 AD2d 885, 885 [2003], *lv dismissed* 100 NY2d 602 [2003]; *Matter of Oquendo v Travis*, 300 AD2d 773, 773 [2002]). Inasmuch as petitioner is not entitled to immediate release under the circumstances presented, habeas corpus relief is unavailable (*see People ex rel. Brown v New York State Div. of Parole*, 70 NY2d 391, 398 [1987]). Therefore, his application was properly dismissed.

Cardona, P.J., Spain, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.