■ In the Matter of JAMES TAYLOR, Now Known as ANPU AMEN, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [889 NYS2d 699]—

---

Appeal from a judgment of the Supreme Court (Devine, J.), entered April 16, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating his maximum period of imprisonment.

In 1991, petitioner was convicted of robbery in the first degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the third degree and sentenced to a maximum prison term of 12¹/₂ to 25 years. In 1998, petitioner was sentenced as a second felony offender to a prison term of 1¹/₂ to 3 years for his conviction for attempted promoting prison contraband in the first degree, to run consecutively to his undischarged 1991 term. Following his release on parole, petitioner was convicted in August 2007 of robbery in the third degree, a class D felony (see Penal Law § 160.05), and sentenced, as a second felony offender, to a prison term of 2 to 4 years. Supreme Court (Granett, J.) was silent about whether the sentence was to be served concurrent with or consecutive to his undischarged prison terms for his 1991 and 1998 convictions. Subsequently, the Department of Correctional Services (hereinafter DOCS) calculated petitioner's prison sentences as running consecutively and, ultimately, issued a computation which set petitioner's maximum expiration date at August 18, 2022. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge DOCS' computations. Supreme Court (Devine, J.) dismissed the petition and petitioner now appeals.

We affirm. Petitioner first contends that DOCS acted in excess of its authority in calculating petitioner's 2007 sentence to run consecutively with his undischarged prior sentences. Contrary to petitioner's claim, it is now settled that when Penal Law § 70.25 (2-a) dictates that a court "must impose" a sentence to run consecutively, DOCS does not err in calculating the sentences to run consecutively even in the absence of an explicit direction from the sentencing court to do so (see People ex rel. Gill v Greene, 12 NY3d 1, 6-7 [2009], cert denied 558 US —, 130 S Ct 86 [2009]; People ex rel. Nadal v Rivera, 63 AD3d 1434, 1435 [2009]).

With regard to petitioner's contention that his parole was revoked in violation of due process, we note initially that petitioner failed to name either the Division of Parole or one of its agents as a necessary party to this proceeding and, thus, this

issue is not properly before us (*see Matter of Bressette v Supreme Ct.*, 18 AD3d 1082 [2005]). In any event, when a parolee is convicted of a new felony which is committed while under supervision and, as a result, he or she is sentenced to an indeterminate term of imprisonment, revocation of parole occurs by operation of law and no hearing is necessary (*see* Executive Law § 259-i [3] [d] [iii]; *People ex rel. Harris v Sullivan*, 74 NY2d 305, 308 [1989]; *Matter of Barksdale v Dennison*, 40 AD3d 1233, 1233-1234 [2007]). Thus, DOCS correctly extended petitioner's maximum expiration date to reflect the delinquent time owed on his undischarged terms (*see People ex rel. Melendez v Bennett*, 291 AD2d 590, 590-591 [2002], *lv denied* 98 NY2d 602 [2002]).

Cardona, P.J., Peters, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.