■ In the Matter of ALLEN MEADE, Appellant-Respondent, v ANTHONY BOUCAUD, as Superintendent of Altona Correctional Facility, et al., Respondents-Appellants. [888 NYS2d 784]—

Cross appeals from a judgment of the Supreme Court (Feldstein, J.), entered September 15, 2008 in Clinton County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In September 2006, petitioner was sentenced as a second felony offender to a prison term of 1½ to 3 years upon his conviction of attempted robbery in the third degree—a crime he committed while on parole. Neither the sentence and commitment order nor the sentencing minutes addressed the manner in which this sentence was to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services ultimately treated petitioner's 2006 sentence as running consecutively to his prior undischarged term, prompting petitioner to commence a habeas corpus proceeding to challenge that computation, the legality of his continued incarceration and the alleged failure to provide him with a timely parole revocation hearing. Supreme Court converted the matter to this CPLR article 78 petition, rejected petitioner's arguments relative to the revocation of his parole and granted the petition to the extent of annulling the sentencing calculation. These cross appeals ensued.

Preliminarily, petitioner was not entitled to a parole revocation hearing because his parole was revoked by operation of law upon his conviction of attempted robbery in the third degree—a crime he committed while on parole from the previously imposed prison sentence (*see* Executive Law § 259-i [3] [d] [iii]; *Matter of Tineo v New York State Div. of Parole*, 14 AD3d 949, 950 [2005]; *Matter of Oquendo v Travis*, 300 AD2d 773, 774 [2002]; *see also People ex rel. Strauss v New York State Div. of Parole*, 55 AD3d 1198, 1199 [2008], *lv denied* 12 NY3d 702 [2009]; *People ex rel. Jackson v Morrissey*, 43 AD3d 1301, 1301-1302 [2007], *lv denied* 9 NY3d 816 [2007]). Petitioner's remaining arguments on this point, to the extent they are properly before us, have been examined and found to be lacking in merit.

Turning to the cross appeal by respondents, where a statute compels the sentencing court to impose a consecutive sentence, the court is deemed to have imposed the sentence required by law—even if it fails to so specify (*see People ex rel. Gill v Greene*,

12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434, 1435 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]; *People ex rel. Styles v Rabsatt*, 63 AD3d 1365, 1366 [2009]). As there is no dispute that petitioner was sentenced in 2006 as a second felony offender and, hence, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of his sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431, 1432 [2009]). Accordingly, Supreme Court's judgment is modified to that extent and the petition is dismissed.

Cardona, P.J., Peters, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application to annul the sentencing calculation of the Department of Correctional Services; petition dismissed in its entirety; and, as so modified, affirmed.