█ In the Matter of JAMES CURRY, Appellant, v ANDREA EVANS, as Chair of the Division of Parole, et al., Respondents. [952 NYS2d 916]—

Appeal from a judgment of the Supreme Court (Lynch, J.), entered October 18, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit the Department of Corrections and Community Supervision from including the undischarged portion of a prior sentence in the calculation of petitioner's sentence.

In 1978, petitioner was convicted of murder in the second degree and sentenced to 15 years to life in prison. While on parole release from that sentence, petitioner was convicted of reckless endangerment in the first degree and sentenced to $1\frac{1}{2}$ to 3 years in prison. As a result of that conviction, a final declaration of delinquency was issued by the Board of Parole and petitioner's parole was revoked. Following the denial of petitioner's request for parole release in November 2010, petitioner commenced this proceeding pursuant to CPLR article 78. Supreme Court dismissed the petition and petitioner appeals.*

Petitioner argues that the Department of Corrections and

---

* Supreme Court's decision included a discussion of the merits of the determination denying petitioner's request for parole release. However, petitioner is adamant that this proceeding is not an appeal from that determination and

Community Supervision has improperly and illegally enlarged his sentence by including the undischarged portion of his 1978 sentence in calculating his release date as there was never a final parole revocation hearing and, therefore, no time assessment imposed. "[W]hen a parolee is convicted of a new felony which is committed while under supervision and, as a result, he or she is sentenced to an indeterminate term of imprisonment, revocation of parole occurs by operation of law and no hearing is necessary" (*Matter of Taylor v Fischer*, 67 AD3d 1191, 1193 [2009], *lv denied* 14 NY3d 702 [2010]; *see* Executive Law § 259-i [3] [d] [iii]; *People ex rel. Harris v Sullivan*, 74 NY2d 305, 308 [1989]). Accordingly, we find that the Department correctly extended, without a hearing, petitioner's maximum expiration date to include the delinquent time owed on the undischarged portion of his prior sentence (*see Matter of Taylor v Fischer*, 67 AD3d at 1193; *Matter of Tineo v New York State Div. of Parole*, 14 AD3d 949, 949 [2005]; *People ex rel. Melendez v Bennett*, 291 AD2d 590, 591 [2002], *lv denied* 98 NY2d 602 [2002]).

Mercure, J.P., Spain, Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

has made no arguments regarding that determination either in his petition or his brief filed with this Court. Accordingly, we offer no opinion on that matter.