■ In the Matter of STEVE CAMPBELL, Appellant, v ANDREA D. EVANS, as Chair of the Division of Parole, Respondent. [963 NYS2d 771]—

Garry, J. Appeal from a judgment of the Supreme Court (Melkonian, J.), entered December 7, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole declaring petitioner delinquent under the terms of his parole.

Petitioner is currently imprisoned as the result of 1990 and 1994 robbery convictions. While on parole, he was convicted for drug offenses committed in December 2000 and July 2001 and sentenced to an additional aggregate prison term of 4 to 8 years. While he was not issued a notice of violation by the Board of Parole until August 2001, he was ultimately declared delinquent as of December 2000. He was released to parole supervision in 2007 and, two years later, was discharged from parole on the 2001 sentences (see Executive Law § 259-j former [3-a]; see also L 2004, ch 738, § 37). Petitioner's sentence was accordingly recalculated, which resulted in a maximum expiration date of October 2, 2011.

He was thereafter arrested and charged with various drug offenses in March 2010, pleaded guilty to one count of criminal possession of a controlled substance in the third degree, and was sentenced in January 2011 to serve an additional six years

in prison to be followed by three years of postrelease supervision. After his conviction, the Board issued a final declaration of delinquency finding him delinquent as of March 2010. Petitioner commenced this CPLR article 78 proceeding to challenge the declaration of delinquency. Supreme Court dismissed the petition following joinder of issue, and petitioner now appeals.

We affirm. Petitioner does not dispute that the Board is generally free to declare a parolee delinquent as of "the date of arrest or the date of the commission of the crime, rather than the date of conviction" (*Matter of Jarrell v Rodriguez*, 167 AD2d 776, 777 [1990], *lv denied* 77 NY2d 806 [1991] *see* 9 NYCRR 8004.3 [b]; *Matter of Cruz v New York State Dept. of Correctional Servs.*, 288 AD2d 572, 573 [2001], *appeal dismissed* 97 NY2d 725 [2002]; *Matter of Bonilla v Russi*, 210 AD2d 828, 829 [1994]). He nevertheless argues that he should not have been declared delinquent—which interrupted the running of his sentence and altered its maximum expiration date—until the date he was sentenced upon his 2001 and 2011 convictions (*see* Penal Law § 70.40 [3]). We perceive nothing improper, however, in the Board's decision to rely upon the arrest dates. To the extent that petitioner's remaining claim is properly before us, we have considered it and found it to lack merit.

Peters, P.J., Stein and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.