Appeal from a judgment of the Supreme Court (LaBuda, J.), entered June 26, 2012 in Sullivan County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner was sentenced to a term of imprisonment and post-release supervision as the result of a 2008 conviction, and he was released to parole supervision in 2011. He was taken into custody approximately five months later for violating the terms of his parole in various respects—most notably by possessing heroin—and allegedly waived a preliminary revocation hearing. An indictment followed, charging petitioner with one count of criminal possession of a controlled substance in the fourth degree. He then brought this application for a writ of habeas corpus, alleging that he had been impermissibly deprived of a preliminary hearing. Supreme Court dismissed the application without a hearing, and this appeal ensued.
We affirm. Regardless of the merits of petitioner’s claim that he was deprived of a preliminary hearing, an independent basis for his parole revocation exists given his conviction upon the count charged in the indictment (see Executive Law § 259-i [3] [d] [iii]; People ex rel. Strauss v New York State Div. of Parole, *1291 55 AD3d 1198, 1199 [2008], lv denied 12 NY3d 702 [2009]). Petitioner is thus not entitled to immediate release, rendering habeas corpus relief unavailable (see People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987]; People ex rel. Strauss v New York State Div. of Parole, 55 AD3d at 1199).
Mercure, J.E, Rose, Garry and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed, without costs.