# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1102

KAH 12-01771

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
WILLIE WILLIAMS, PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

ROBERT A. KIRKPATRICK, SUPERINTENDENT, WENDE
CORRECTIONAL FACILITY, AND ANDREA W. EVANS,
CHAIRWOMAN, NEW YORK STATE DIVISION OF PAROLE,
RESPONDENTS-RESPONDENTS.

---

ALAN BIRNHOLZ, EAST AMHERST, FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated memorandum and order) of the Supreme Court, Erie County (John L. Michalski, A.J.), dated June 12, 2012 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this habeas corpus proceeding alleging that he is entitled to immediate release from prison pursuant to Executive Law former § 259-j (3-a), which has since been replaced by Correction Law § 205 (4). According to petitioner, his sentence of 20 years to life should be terminated because, from 1994 to 1997, he had "three years of unrevoked presumptive release or parole" (§ 205 [4]). We reject that contention. As a threshold matter, we note that section 205 (4) applies only to prisoners serving sentences for qualifying drug felonies, and defendant is serving a sentence for attempted murder in the second degree. In any event, petitioner is not entitled to relief under the statute because he violated parole several times after his three years of unrevoked release and before the effective date of Executive Law § 259-j (3-a) (*see Matter of Rosario v New York State Div. of Parole*, 84 AD3d 1665, 1666; *Matter of Murphy v Ewald*, 77 AD3d 778, 779, *lv denied* 16 NY3d 701).

To the extent that the petition further alleged that petitioner was deprived of a final revocation hearing when his parole was revoked in 2009 upon his conviction of a new drug felony, we conclude that Supreme Court properly converted the habeas corpus petition to a CPLR article 78 petition and then denied the petition. "Upon petitioner's

conviction of a felony committed while under parole supervision, petitioner's parole was revoked by operation of law" (*People ex rel. Stevenson v Beaver*, 309 AD2d 1171, 1172, *lv denied* 1 NY3d 506).  Thus, contrary to petitioner's contention, a parole revocation hearing was not required (*see* Executive Law § 259-i [3] [d] [iii]; *People ex rel. Harris v Sullivan*, 74 NY2d 305, 308; *People ex rel. Ward v Russi*, 219 AD2d 862, 862, *lv denied* 87 NY2d 803).

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court