■ In the Matter of ANTWAN THOMPSON, Appellant, v ANTHONY J. ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. (Appeal No. 1.) [24 NYS3d 573]—Appeal from a judgment of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), dated April 28, 2014 in a proceeding purusant to CPLR article 78. The judgment dismissed the petition.

Appeal from a judgment (denominated order) of the Supreme

Court, Seneca County (Dennis F. Bender, A.J.), entered September 9, 2014 in a proceeding pursuant to CPLR article 78. The judgment granted petitioner's motion for leave to reargue and, upon reargument, adhered to the prior determination dismissing his petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 alleging, inter alia, that respondent erroneously calculated his sentence. We conclude that Supreme Court properly dismissed the petition. Contrary to petitioner's contention, respondent correctly calculated petitioner's sentence to reflect that, pursuant to Penal Law § 70.25 (2-a), the sentence imposed in 2013 runs consecutively to the sentences imposed in 1983 and 1986 (see People ex rel. Gill v Greene, 12 NY3d 1, 6-7 [2009], cert denied sub nom. Gill v Rock, 558 US 837 [2009]). Petitioner's date of delinquency was properly determined to be the date of commission of the earliest of the four felonies that resulted in his 2013 conviction (see Matter of Warley v Rodriguez, 145 AD2d 901, 902 [1988]). We reject petitioner's contention that he was denied his right to a final parole revocation hearing inasmuch as his parole was revoked by operation of law upon his conviction of a felony in New York and the imposition of an indeterminate term of incarceration (see Executive Law § 259-i [3] [d] [iii]; People ex rel. Williams v Kirkpatrick, 111 AD3d 1327, 1327-1328 [2013]). Petitioner's challenges to the validity of the underlying 1986 conviction are not properly before us inasmuch as an article 78 proceeding is not the appropriate vehicle for those challenges (see Matter of Hennessy v Gorman, 58 NY2d 806, 807 [1983]; Matter of Rodriguez v LaValley, 112 AD3d 1244, 1244-1245 [2013], appeal dismissed 23 NY3d 933 [2014], reconsideration denied 24 NY3d 1217 [2015]). Finally, we have considered petitioner's remaining contentions and conclude that they are lacking in merit. Present—Whalen, P.J., Peradotto, Carni, Lindley and DeJoseph, JJ.