# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**137**

**CA 14-01689**

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ANTWAN THOMPSON,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, ACTING COMMISSIONER,
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT.
(APPEAL NO. 2.)

---

ANTWAN THOMPSON, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered September 9, 2014 in a proceeding pursuant to CPLR article 78. The judgment granted petitioner's motion for leave to reargue and, upon reargument, adhered to the prior determination dismissing his petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 alleging, inter alia, that respondent erroneously calculated his sentence. We conclude that Supreme Court properly dismissed the petition. Contrary to petitioner's contention, respondent correctly calculated petitioner's sentence to reflect that, pursuant to Penal Law § 70.25 (2-a), the sentence imposed in 2013 runs consecutively to the sentences imposed in 1983 and 1986 (*see People ex rel. Gill v Greene*, 12 NY3d 1, 6-7, *cert denied sub nom. Gill v Rock*, 558 US 837). Petitioner's date of delinquency was properly determined to be the date of commission of the earliest of the four felonies that resulted in his 2013 conviction (*see Matter of Warley v Rodriquez*, 145 AD2d 901, 902). We reject petitioner's contention that he was denied his right to a final parole revocation hearing inasmuch as his parole was revoked by operation of law upon his conviction of a felony in New York and the imposition of an indeterminate term of incarceration (*see* Executive Law § 259-i [3] [d] [iii]; *People ex rel. Williams v Kirkpatrick*, 111 AD3d 1327, 1327-1328). Petitioner's challenges to the validity of the underlying 1986 conviction are not properly before us inasmuch as an article 78 proceeding is not the appropriate vehicle for those challenges (*see Matter of Hennessy v Gorman*, 58 NY2d 806,

807; *Matter of Rodriquez v LaValley*, 112 AD3d 1244, 1244-1245, *appeal dismissed* 23 NY3d 933, *reconsideration denied* 24 NY3d 1217).  Finally, we have considered petitioner's remaining contentions and conclude that they are lacking in merit.

Entered:  February 11, 2016                          Frances E. Cafarell
                                                     Clerk of the Court