Matter of Murray v New York State Dept. of Corr. & Community Supervision (2021 NY Slip Op 00069)





Matter of Murray v New York State Dept. of Corr. & Community Supervision


2021 NY Slip Op 00069


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

530575

[*1]In the Matter of Julian Murray, Appellant,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


Julian Murray, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



Mulvey, J.
(1) Appeal from a judgment of the Supreme Court (Ryba, J.), entered December 4, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent calculating petitioner's jail time credit, and (2) motion to file a supplemental pleading.
In 2013, petitioner was sentenced to an aggregate term of imprisonment of five years to be followed by five years of postrelease supervision following his conviction of two crimes. After being released to postrelease supervision, petitioner was arrested on new charges in June 2018. Petitioner was ultimately convicted of criminal possession of a weapon in the third degree, a class D felony, and criminal possession of a controlled substance in the seventh degree and was sentenced to an aggregate term of 2 to 4 years in prison. As a result of the new felony conviction, a final declaration of delinquency was issued and petitioner's parole was revoked. When he was received by respondent, petitioner was credited with 15 days of jail time credit.
Petitioner commenced this proceeding seeking 353 days of jail time credit and contending that he was denied due process by being declared delinquent without a final parole revocation hearing. While the proceeding was pending, respondent made a recalculation and credited petitioner with 353 days of jail time credit. Supreme Court thereafter dismissed the petition as moot. Petitioner appeals.[FN1]
Initially, we find, as petitioner contends, that only the issue regarding his jail time credit is moot and, as such, Supreme Court erred in dismissing the entire proceeding without addressing his claim regarding the lack of a final revocation hearing. Nevertheless, upon reviewing this claim, we find that it is without merit. "[W]hen a parolee is convicted of a new felony which is committed while under supervision and, as a result, he or she is sentenced to an indeterminate term of imprisonment, revocation of parole occurs by operation of law and no hearing is necessary" (Matter of Taylor v Fischer, 67 AD3d 1191, 1193 [2009], lv denied 14 NY3d 702 [2010]; accord Matter of Curry v Evans, 100 AD3d 1120, 1121 [2012], appeal dismissed 21 NY3d 907 [2013], lv denied 21 NY3d 862 [2013]; see Executive Law § 259-i [3] [d] [iii]). As such, petitioner's parole was properly revoked without a hearing.
Garry, P.J., Egan Jr. and Colangelo, JJ., concur.
ORDERED that the motion is denied, without costs.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: We deny petitioner's motion to file a supplemental pleading, as he is attempting to improperly add documents to the record that were not before Supreme Court (see CPLR 5526; Latham Land I LLC v TGI Friday's Inc., 124 AD3d 957, 958 [2015]).