14-591-cv
Wiggins v. Mellia

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

------------------------------------------------------------------

MATTHEW WIGGINS,

     *Plaintiff-Appellant,*

    v.                                  No. 14-591-cv

FAITH MELLIA,

     *Defendant-Appellee.*[*]

------------------------------------------------------------------

---
[*] The Clerk of Court is directed to amend the caption as set forth above.

1

FOR APPELLANT:                                    GREGORY C. FARRELL, Villa B.
                                                  Hayes, Dustin P. Smith,
                                                  Jennifer Suh, Hughes Hubbard
                                                  & Reed LLP, New York, NY

FOR APPELLEE:                                     DANIEL S. MAGY, Assistant
                                                  Solicitor General, Judith
                                                  Naomi Vale, Deputy Solicitor
                                                  General, Barbara D.
                                                  Underwood, Solicitor General,
                                                  *for* Letitia James, Attorney
                                                  General, State of New York,
                                                  New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Matthew Wiggins appeals from a February 11, 2014 judgment of the United States District Court for the Southern District of New York (Román, *J.*) dismissing his § 1983 claims against Defendant Faith Mellia. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The dispute in this case centers on the revocation of Wiggins' parole in 2012. While on parole, Wiggins was arrested and detained in Sullivan County

2

Jail. He alleges that his parole officer, Mellia, waived his preliminary parole revocation hearing without his consent. Wiggins filed a petition for a writ of habeas corpus in New York State Supreme Court, challenging the failure to provide him with a preliminary hearing. After the state trial court dismissed his petition, Wiggins appealed to the Appellate Division, Third Department. While his appeal was pending, Wiggins pled guilty to a felony and was subsequently sentenced on November 30, 2012, which resulted in the automatic revocation of his parole. The Third Department then affirmed the dismissal of his habeas petition after concluding that he was not eligible for habeas relief because his new felony conviction rendered him ineligible for immediate release. *See People ex rel. Wiggins v. Schiff*, 963 N.Y.S.2d 610 (3d Dep't 2013). In the present lawsuit, Wiggins claims that his detention for several months prior to his sentencing on November 30, 2012, was wrongful because it was not preceded by a preliminary revocation hearing.

*Heck v. Humphrey*, 512 U.S. 477 (1994) bars the claim. In *Heck,* the Supreme Court held that "to recover damages for allegedly unconstitutional . . . imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

3

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. *Heck* thus bars § 1983 suits in which a favorable judgment "would necessarily imply the invalidity of [the plaintiff's] . . . sentence." *Id.* at 487; *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Wiggins' claim for damages is premised on his challenge to the constitutionality of his confinement between his initial detention and his sentencing and necessarily implies that his confinement during that period was unconstitutional.[1] But he has not shown that the confinement was declared invalid, reversed, or called into question, as required by *Heck.* The District Court therefore correctly concluded that his claim is subject to the *Heck* bar.

There is, however, a narrow exception to the *Heck* bar that permits a § 1983 suit where federal habeas relief is unavailable. *See Jenkins v. Haubert*, 179 F.3d 19,

---

[1] While the Third Department found that Wiggins' conviction provided an "independent basis" for his final parole revocation and confinement thereafter, *Schiff*, 963 N.Y.S.2d at 611, it said nothing about his confinement prior to his conviction. Without an independent basis justifying his initial period of confinement, Wiggins' § 1983 claim would necessarily invalidate it.

4

21 (2d Cir. 1999) (holding that *Heck* does not bar a § 1983 claim challenging conditions of confinement where a prisoner cannot challenge those conditions through a habeas petition).  That exception does not apply here, even though the state appellate court concluded that state habeas relief was unavailable because Wiggins was not entitled to immediate release.  *See Schiff*, 963 N.Y.S.2d at 611.  The state court's determination that Wiggins was not entitled to state habeas relief did not prevent Wiggins from seeking *federal* habeas relief, which is the focus of the exception to *Heck*.  Unlike habeas relief under New York law, *see, e.g.*, *Nonhuman Rights Project, Inc. v. Breheny*, 38 N.Y.3d 555, 570 (2022), federal habeas relief "is not limited to immediate release from illegal custody" and can be used "to attack future confinement and obtain future releases."  *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973).  Accordingly, Wiggins, who was in state custody when he brought this case, could have filed a petition for federal habeas relief challenging his allegedly unlawful confinement.  A successful petition could have shortened his period of confinement.  *See McGinnis v. United States ex rel. Pollack*, 452 F.2d 833, 835 (2d Cir. 1971) (granting habeas relief by requiring the state to credit the plaintiff's previous time served against his remaining sentence).  Because federal habeas relief was available to Wiggins when he filed

5

his § 1983 action, he cannot rely on this exception to *Heck*.

We have considered Wiggins' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court