■ In the Matter of CHARLES BRESSETTE, Appellant, v SUPREME COURT, Respondent. [795 NYS2d 475]—

Appeal from a judgment of the Supreme Court (Connor, J.), entered July 16, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner commenced this CPLR article 78 proceeding challenging various parole decisions rendered between 1991 and 2003. He named Supreme Court as the sole respondent. Prior to service of an answer, respondent moved to dismiss the petition on the ground, among others, that petitioner failed to name the Division of Parole as a necessary party to the proceeding. The petition was dismissed on this basis, resulting in this appeal.

We affirm. We note that the Division of Parole, which encompasses the Board of Parole, has exclusive jurisdiction to make decisions with respect to parole (see Executive Law § 259-b [1]; § 259-c [1], [6]). Accordingly, either the Division or one of its agents or employees was a necessary party to this proceeding (see CPLR 1001 [a]). Supreme Court has no authority over parole matters and was not a proper respondent. Therefore, dismissal of the proceeding was proper.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.