Garry, J.
Appeal from a judgment of the Supreme Court (LaBuda, J.), entered January 3, 2011 in Sullivan County, which, among other things, in a proceeding pursuant to CPLR article 78, ordered the Board of Parole to conduct a de novo parole hearing.
Petitioner was incarcerated in 2009 following convictions for grand larceny in the first degree and bail jumping in the first degree. In August and December 2009, respondent Commissioner of Corrections and Community Supervision advised petitioner that his requests for merit time allowances were denied, and in February 2010 he was notified of the denial of his application for presumptive release.[1] In April 2010, petitioner appeared before the Board of Parole and his application for parole release was denied. Petitioner commenced this CPLR article 78 proceeding challenging the denial of his requests for merit time allowances and presumptive release. Supreme Court found the merit time claim moot, did not address the presumptive release claim, and directed a de novo parole hearing upon finding that the Board had erred in denying parole release. Respondents and the Division of Parole, a nonparty, appeal.
Supreme Court correctly determined that petitioner’s merit time allowance challenge was rendered moot by his subsequent appearance before the Board (see Matter of Hunter v Commissioner of Correctional Servs., 297 AD2d 891 [2002], lv denied 99 NY2d 506 [2003]). Petitioner’s remaining claims were solely directed at the Commissioner’s denial of presumptive release pursuant to Correction Law § 806, and he did not challenge the separate action by the Board denying parole release pursuant to Executive Law § 259-i. Neither the Division nor the Board were named as parties, nor served with the order to show cause or the verified petition.[2] Accordingly, Supreme Court had no authority to review the Board’s decision, and its judgment addressing the parole determination must be modified accordingly (see Matter of Taylor v Fischer, 67 AD3d 1191, 1192-1193 [2009], lv denied 14 NY3d 702 [2010]; Matter of Bressette v Supreme Ct., 18 AD3d 1082 [2005]).
*1599 Although Supreme Court did not address petitioner’s claims pertaining to presumptive release, we deem it appropriate to do so in the interest of judicial economy. The governing statute expressly provides that no inmate is entitled to presumptive release, which the Commissioner may deny upon determining that such release may be inconsistent with community safety or the inmate’s welfare. Further, the Commissioner’s determinations in this regard are not reviewable if done in accordance with law (see Correction Law § 806 [5]). Petitioner was convicted after stealing more than $1 million from a corporation and fleeing to Brazil for 18 years. Upon review, we find no basis to overturn the determination.
Rose, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed the Board of Parole to conduct a de novo parole hearing; petition dismissed; and, as so modified, affirmed. [Prior Case History: 29 Misc 3d 1236(A), 2010 NY Slip Op 52174(U).]

. Petitioner alleges that he was also denied presumptive release in April 2010. However, the document creating this impression is merely a copy of the February 2010 decision bearing a printing date of April 2010.

. This proceeding was commenced before the statutes were amended to place the Board under the auspices of the Department of Corrections and Community Supervision (see Correction Law § 201 [1], [2]; Executive Law §§ 259, 259-b; L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 32, 37, 38-a).